VISCONTI v DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE

Docket No. 78-872. Submitted February 7, 1979, at Lansing.—Decided
June 5, 1979.

Plaintiff, Lawrence M. Visconti, was injured when he slipped
while stepping from his car. Detroit Automobile Inter-Insur-
ance Exchange (DAIIE) was plaintiff's no-fault insurer and
Robert Moody was a DAIIE claims adjuster. DAIIE denied
plaintiff's claim for benefits and plaintiff sued it and Mr.
Moody. The district court found liability but, when plaintiff
requested a judgment including personal protection benefits for
the services of his wife, who quit her job to care for him, held
that plaintiff was not entitled to such benefits. Plaintiff ap-
pealed to the Macomb Circuit Court, which affirmed, Walter P.
Cynar, J. Plaintiff appeals by leave granted. *Held:*

Plaintiff may recover the personal protection benefits.

Reversed and remanded with instructions.

INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE — PERSONAL
PROTECTION BENEFITS.

A person injured in an automobile accident may recover from his
no-fault insurer for care provided by his spouse who quit her
job to provide such care (MCL 500.3107; MSA 24.13107).

*Robert C. Vandenbroucke,* for plaintiff.

Before: BASHARA, P.J., and V. J. BRENNAN and
R. M. MAHER, JJ.

V. J. BRENNAN, J. On February 4, 1976, plaintiff,
Lawrence M. Visconti, was injured while stepping
from his automobile, slipping and falling upon
hard-packed ice and snow. At the time of the

REFERENCES FOR POINTS IN HEADNOTE
44 Am Jur 2d, Insurance § 1689.
New Topic Service, No Fault Insurance § 30.

accident, defendant Detroit Automobile Inter-Insurance Exchange (hereafter referred to as DAIIE) was the no-fault automobile insurance carrier on plaintiff's motor vehicle and defendant Robert Moody was a claims adjuster for DAIIE. On May 11, 1976, after DAIIE had denied plaintiff's claim for no-fault benefits from this accident, plaintiff filed a complaint against defendants, seeking benefits pursuant to his policy and the applicable statute, MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.*

On July 12, 1976, a nonjury trial was held in the 39th Judicial District Court before Judge William B. Ward. At the conclusion of the trial, Judge Ward determined that plaintiff's injuries occurred under circumstances creating liability on the part of defendant DAIIE for payment of no-fault benefits.

On July 20, 1976, plaintiff filed a motion for entry of judgment, asserting therein that one of the items of liability was payment for the necessary services and care that plaintiff's wife rendered to her husband during the 132 days (February 5, 1976, through June 15, 1976) that plaintiff's left leg was in a cast. Plaintiff claimed that, immediately after his accident, his wife quit her job to care for him. Plaintiff therefore sought recovery from the DAIIE for the value of his wife's services for 132 days at a rate of $20 per day, which he claims under MCL 500.3107; MSA 24.13107. Defendant DAIIE disclaimed such liability, and a hearing on plaintiff's motion was held on August 2, 1976, before Judge Ward. There it was determined that plaintiff was not entitled to any benefits for the care and services rendered by his wife to him during the period of his incapacity because the statute did not contemplate reimbursement for this type of service provided by a wife.

From this decision plaintiff appealed to the Macomb County Circuit Court. In a December 1, 1977, opinion, Macomb County Circuit Judge Walter P. Cynar affirmed the decision of the district judge. Judge Cynar reasoned that because the statute spoke of "allowable expenses" for "reasonable charges" incurred by the insured, the insured's wife could not be reimbursed for her services. Leave to appeal from the circuit court decision was granted on June 8, 1978.

We are faced with one issue on appeal: whether, pursuant to MCL 500.3107; MSA 24.13107, plaintiff may recover benefits as compensation for his wife's service and care rendered during his incapacity. The automobile no-fault insurance provisions at issue provide in part:

"Personal protection insurance benefits are payable for the following:

"(a) Allowable expenses consisting of all reasonable charges incurred for reasonable necessary products, services and accommodations for an injured person's care, recovery or rehabilitation. * * *

"(b) Work loss consisting of loss of income from work an injured person would have performed during the first 3 years after the date of the accident if he had not been injured and expenses not exceeding $20.00 per day, reasonably incurred in obtaining ordinary and necessary services in lieu of those that, if he had not been injured, an injured person would have performed during the first 3 years after the date of the accident, not for income but for the benefit of himself or of his dependent."

These provisions are similar to the worker's disability compensation statute, MCL 418.315; MSA 17.237(315), which provides in part:

"The employer shall furnish, or cause to be furnished,

to an employee who receives a personal injury arising out of and in the course of his employment, reasonable medical, surgical and hospital services and medicines, or other attendance or treatment recognized by the laws of this state as legal, when they are needed."

On its face this worker's compensation provision does not cover reimbursement for the value of care provided by a spouse during the convalesence of the injured insured. However, in *Dunaj v Harry Becker Co,* 52 Mich App 354; 217 NW2d 397 (1974), an employee sought compensation benefits for the services rendered by his wife during his disability. In that case the defendant objected to the claim, asserting essentially the same argument which the defendant here argued below, namely that such services rendered by a wife do not constitute an expense by the husband. This Court rejected that noncoverage argument and held that such services by a wife were compensable:

"There can be little question that had these services been rendered by someone other than claimant's spouse they would have been compensable under the statute. Defendant argues however that because these services were nothing more than those which a loving wife would render to her husband, they were not 'owing', since claimant's wife could not maintain an action against her husband to recover for these services. There is ample Michigan authority for the proposition that a husband is entitled to the services and society of his wife, and that, to the extent that such services are what a husband has a right to expect of his wife, a wife cannot maintain an action against her husband to enforce payment for those services. Those cases are not, however, dispositive of the question at hand. Given the remedial nature of the Workmen's Compensation Act, a narrow application of such authority is inappropriate. While the appellate courts of this state have not spoken to this question in a published opinion, the general rule

prevailing in other jurisdictions is well stated in 2 Larson's Workmen's Compensation Law, § 61.13, pp 88.253-88.254.

" 'The commonest controversy is the question whether practical nursing services performed by the claimant's own wife may be made the subject of a claim for nursing expenses. The earlier cases denied the allowance, on the ground that the wife did no more than she was bound to do as an affectionate spouse. Later cases, however, have permitted the charge, on the reasoning that the employer, by statute, has the affirmative duty of furnishing this kind of nursing service. If he has not done so, and if the wife then takes over these duties in addition to her regular household work and does exactly what a hired nurse would have had to do, the charge is proper.' (Footnotes omitted.)

"While it is clear that the Legislature by its 1963 amendment intended to eliminate the possibility of a windfall by a claimant with respect to services for which he could not be held liable, we do not believe that the Legislature intended that employer and its insurer should receive a windfall by reason of the fact that claimant's wife has performed services which should have been provided by said employer. We therefore hold that medical services provided by a claimant's wife are compensable to the same extent as they would be if the services had been rendered by someone other than the wife." (Footnotes omitted.) 52 Mich App 354, 357-359.

This approach was supported by the Michigan Supreme Court in *Kushay v Sexton Dairy Co,* 394 Mich 69; 228 NW2d 205 (1975), where the Court interpreted the statute as embracing services provided by a spouse:

"Ordinary household tasks are not within the statutory intendment. House cleaning, preparation of meals and washing and mending of clothes, services required for the maintenance of persons who are not disabled, are beyond the scope of the obligation imposed on the employer. Serving meals in bed and bathing, dressing,

and escorting a disabled person are not ordinary household tasks. That a 'conscientious' spouse may in fact perform these services does not diminish the employer's duty to compensate him or her as the person who discharges the employer's duty to provide them." 394 Mich 69, 74.

Both worker's disability compensation and automobile insurance are no-fault systems. It is reasonable to interpret these systems in a like manner when these statutory provisions appear to be affecting similar policies. In accordance with the above reasoning, we hold that the services performed in the case at bar are compensable under the no-fault act.

The lower court is reversed. The case is remanded for entry of an order awarding plaintiff $20 per day for 132 days plus interest.

Costs to be paid by defendant DAIIE.