VAN MARTER v AMERICAN FIDELITY FIRE INSURANCE
COMPANY

Docket No. 51813. Submitted January 15, 1982, at Detroit.—Decided
    March 17, 1982.

Orval Van Marter was seriously and permanently injured as a
    result of an automobile accident. At the time of the accident,
    Orval had a no-fault insurance policy with American Fidelity
    Fire Insurance Company. American claimed that the policy
    provided for coordinated benefits with respect to medical and
    wage claims. Orval's father, Vincent Van Marter, was ap-
    pointed Orval's guardian after Orval was adjudged mentally
    incompetent as a result of injuries suffered in the accident. On
    the advice of Orval's doctor, Orval was removed from institu-
    tional care and placed in the care of his stepmother, who has
    since served Orval meals in bed, bathed him, escorted him to
    the doctor's office, exercised him in conformity with his doctor's
    instructions, assisted in formulating his diet, administered
    medication, and assisted Orval with speech and associational
    problems and exercises. Vincent Van Marter, as guardian of
    the estate of Orval Van Marter, filed a claim with American
    for benefits to compensate Mrs. Van Marter for the value of

REFERENCES FOR POINTS IN HEADNOTES
[1] 7A Am Jur 2d, Automobile Insurance § 431.
    Validity and construction of "no-fault" automobile insurance plans.
        24 ALR3d 229.
[2] 20 Am Jur 2d, Courts § 82.
    61A Am Jur 2d, Pleading §§ 230, 231.
[3] 17 Am Jur 2d, Contracts §§ 441-447.
    22 Am Jur 2d, Damages §§ 55, 56, 195.
[4] 7 Am Jur 2d, Automobile Insurance § 358.
    22 Am Jur 2d, Damages § 195.
[5] 37 Am Jur 2d, Fraud and Deceit § 435.
[6] 37 Am Jur 2d, Fraud and Deceit §§ 57, 60, 68.
[7] 20 Am Jur 2d, Courts § 82.
    37 Am Jur 2d, Fraud and Deceit § 424.
    Construction and application of provision of Rule 9(b), of Federal
        Rules of Civil Procedure, that circumstances constituting fraud or
        mistake be stated with particularity. 27 ALR Fed 407.
[8] 22 Am Jur 2d, Damages §§ 55, 195.

her services. American denied any liability for those services, whereupon Vincent Van Marter filed a two-count complaint against American in Oakland Circuit Court alleging breach of contract and seeking exemplary damages for extreme mental anguish Orval suffered as a result of the breach. Defendant thereafter admitted liability for payment of benefits to pay for Mrs. Van Marter's services, but only for a period of three years. Plaintiff alleged that defendant was required to provide compensation as long as Mrs. Van Marter should continue to provide the services. Defendant filed a motion for summary judgment alleging that plaintiff failed to state a claim upon which relief could be granted with respect to both counts. The court, Robert B. Webster, J., found that a question of fact existed as to whether the insurance contract provided for the coordination of benefits and that Count II of plaintiff's complaint stated a cognizable claim and denied defendant's motion for summary judgment on both counts. Defendant appeals by leave granted. *Held:*

1. The trial court did not err when it found that Mrs. Van Marter's services were compensable under the statute providing for allowable expenses payable as part of personal protection insurance benefits.

2. The trial court erred when it refused to grant defendant's motion for summary judgment on Count II of plaintiff's complaint. The contract at issue is a commercial contract for which damages for emotional or mental distress are not recoverable.

3. Plaintiff has not stated a cause of action for fraud because he failed to allege that he relied on defendant's statements that the insurance contract contained coordinated benefits.

4. The plaintiff's complaint does not state a claim of fraud predicated on a future promise made in bad faith with no intention that it would be performed.

5. Plaintiff's claim of intentional infliction of emotional distress does not state a claim upon which relief can be granted.

Affirmed as to Count I; reversed as to Count II.

1. Insurance — No-Fault Insurance — Compensation for Services Rendered to Insureds.

A stepmother's services rendered to her 31-year-old stepson who was adjudged mentally incompetent as the result of injuries suffered in an automobile accident, including serving him meals in bed, bathing him, escorting him to the doctor's office, exercising him in conformity with his doctor's instructions, assisting in formulating his diet, administering medication, and assisting him with speech and associational therapy are compensable

services under the personal protection insurance benefits provision of the insurance code; the statute provides that benefits are payable for all reasonable charges which relate to the care, recovery or rehabilitation of the injured person and does not require that these services be supplied by trained medical personnel (MCL 500.3107[a]; MSA 24.13107[a]).

2. MOTIONS AND ORDERS — SUMMARY JUDGMENTS — COURT RULES.

A motion for summary judgment on the ground that the opposing party has failed to state a claim upon which relief can be granted is to be tested by the pleadings alone; all well-pled allegations must be taken as true, and the motion should be granted where the plaintiff's claims are so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery (GCR 1963, 117.2[1]).

3. DAMAGES — CONTRACTS — BREACH OF CONTRACT.

Generally, the damages recoverable for breach of contract are those that arise naturally from the breach or those that were in the contemplation of the parties at the time the contract was made; under this rule damages for mental and emotional anguish are normally not recoverable.

4. DAMAGES — NO-FAULT INSURANCE — CONTRACTS — BREACH OF CONTRACT — MENTAL AND EMOTIONAL DISTRESS.

Damages are not recoverable for mental and emotional distress suffered due to breach of an automobile no-fault insurance contract.

5. FRAUD — PLEADING — RELIANCE.

A plaintiff, when pleading a claim of fraud, must plead that he acted in reliance on the defendant's fraudulent representation.

6. FRAUD — FUTURE PROMISES — BAD FAITH.

A claim of fraud may be predicated on a future promise if the promise is made in bad faith without present intention to perform.

7. FRAUD — PLEADING — COURT RULES.

A claim of fraud must be pleaded with specificity; general allegations are not sufficient to state a claim of fraud (GCR 1963, 112.2).

8. DAMAGES — BREACH OF CONTRACT — EMOTIONAL DISTRESS — EXEMPLARY DAMAGES.

Neither damages for emotional distress nor exemplary damages are recoverable in an action for breach of a commercial con-

tract absent allegations and proof of tortious conduct existing independently of the breach.

*Frank R. Langton & Associates, P.C.* (by *Maureen McBride),* for plaintiff.

*Simon, Fried, Cohn & Saperstein,* for defendant.

Before: CYNAR, P.J., and M. J. KELLY and D. C. RILEY, JJ.

M. J. KELLY, J. Defendant appeals from the trial court's denial of its motion for summary judgment pursuant to GCR 1963, 117.2(1) and its grant of partial summary judgment in favor of the plaintiff. Defendant's delayed application for leave to appeal was granted by order entered December 5, 1980.

According to the stipulated statement of facts, Orval Van Marter, born sometime in 1946, was seriously and permanently injured as a result of an automobile accident on October 18, 1976. At the time of the accident, Orval had a no-fault insurance policy with the defendant. Defendant claims that the policy provided for coordinated benefits with respect to medical and wage benefits.

After a lengthy period of hospitalization and institutionalization, Orval was adjudged mentally incompetent and the plaintiff, Orval's father, was appointed his guardian. On the advice of Orval's physician, he was removed from the institution in December of 1977 and placed in the care of his stepmother, Ruth Van Marter. Since that time, Mrs. Van Marter has served Orval meals in bed, bathed him, escorted him to the doctor's office, exercised him in conformity with his doctor's instructions, assisted in formulating his diet, administered medication, and assisted him with speech and associational problems and exercises.

The plaintiff filed a claim with the defendant for benefits to compensate Mrs. Van Marter for the value of her services. At first, the defendant denied any liability for those services, whereupon the plaintiff commenced the present action. Count I of the plaintiff's complaint alleges that the defendant breached the insurance contract by failing to pay for the reasonable value of Mrs. Van Marter's services. Count II alleges that the defendant's refusal to pay was wilful, resulting in extreme mental anguish to Orval, and requests exemplary damages.

Following this Court's decision in *Visconti v Detroit Automobile Inter-Ins Exchange,* 90 Mich App 477; 282 NW2d 360 (1979), the defendant admitted that it was obligated to pay for the value of Mrs. Van Marter's services pursuant to MCL 500.3107(b); MSA 24.13107(b). However, it contends that since § 3107(b) provides that compensation for replacement services is limited to a three-year period, its duty to compensate Mrs. Van Marter expired in October of 1979. The plaintiff alleges that Mrs. Van Marter's services are compensable pursuant to MCL 500.3107(a); MSA 24.13107(a). He contends that services provided under that provision are not governed by the three-year limitation period and that the defendant is required to provide compensation as long as Mrs. Van Marter continues to provide the services.

Defendant filed a motion for summary judgment pursuant to GCR 1963, 117.2(1), alleging that the plaintiff failed to state a claim upon which relief can be granted with respect to both counts. The parties stipulated to a statement of facts and agreed that the issue as to whether Mrs. Van Marter's services were included under § 3107(a)

was an issue of law for the court to decide. At the motion hearing, the following exchange took place between the court and the defendant's attorney:

"*The Court:* What would you do if they just put him over in a nursing home?

"*Mr. Simon:* Well, you see, there were some medical reports earlier in the file, indicating that he didn't need a nursing home. That in fact, that his stepmother's care at home might be more beneficial to him. I understand now that he is regressing and may have to go into a home.

"*The Court:* Well, suppose he does?

"*Mr. Simon:* If he goes into a home, it's certainly medical because there's medical facilities and there's medical personnel that would be administering and doing over and above what Mrs. Van Marter is doing, obviously. You know,—what she is doing at home has to be limited by the very virtue of her own qualifications, which, you know, she's following the doctor's advise *[sic]* is what it amounts—whatever the doctor tells her to do, she's doing."

Following the hearing, the court stated the following with respect to Count I of the plaintiff's complaint:

"In this first-party action, I am satisfied that the nature of the services falls under 3107(a) as the charged *[sic]* incurred were reasonably necessary services and accommodations or an injured person's care, recovery or rehabilitation as opposed to (b), being reasonably incurred in, which say, 'being reasonably incurred in obtaining ordinary, necessary services in lieu of those that, if he had not been injured, an injured person would have performed during the first three years after the date of the accident.' That, to me, is a different category, this seems to me within the plain meaning of the act, falls within the area of recovery or rehabilitation, and care. So, I have to rule that these items fall under (a)."

The court found that a question of fact existed as to whether the insurance contract provided for the coordination of benefits. It also found that Count II of the plaintiff's complaint stated a cognizable claim and denied the defendant's motion with respect thereto.

The trial court certified the order for immediate appeal and this Court granted defendant's delayed application for leave to appeal.

I

On appeal, defendant contends that the services rendered by Mrs. Van Marter are compensable under MCL 500.3107(b); MSA 24.13107(b) and are therefore governed by the three-year limitation period contained therein. Defendant argues that MCL 500.3107(a); MSA 24.13107(a), which has no limitation period, is inapplicable.

MCL 500.3107; MSA 24.13107 reads in pertinent part:

"Sec. 3107. Personal protection insurance benefits are payable for the following:

"(a) Allowable expenses consisting of all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery or rehabilitation. Allowable expenses within personal protection insurance coverage shall not include charges for a hospital room in excess of a reasonable and customary charge for semiprivate accommodations except when the injured person requires special or intensive care, or charges for funeral and burial expenses in excess of $1,000.00.

"(b) Work loss consisting of loss of income from work an injured person would have performed during the first 3 years after the date of the accident if he had not been injured and expenses not exceeding $20.00 per

day, reasonably incurred in obtaining ordinary and necessary services in lieu of those that, if he had not been injured, an injured person would have performed during the first 3 years after the date of the accident, not for income but for the benefit of himself or of his dependent."

The interpretation of MCL 500.3107(a); MSA 24.13107(a) is a question of first impression.

This Court decided a similar issue in *Visconti, supra.* There, plaintiff was injured in an automobile accident which required his wife to care for him while he was in a cast. After defendant denied plaintiff's claim for no-fault benefits, plaintiff sued and recovered. As part of his recovery, plaintiff Visconti sought $20 per day for the 132 days his wife provided care for him. The trial court found that MCL 500.3107; MSA 24.13107 did not contemplate compensation for the type of services performed by plaintiff's spouse.

On appeal, this Court noted that MCL 500.3107; MSA 24.13107 was similar to MCL 418.315; MSA 17.237(315) of the Worker's Disability Compensation Act.[1] Quoting *Dunaj v Harry Becker Co,* 52 Mich App 354; 217 NW2d 397 (1974), *lv den* 394 Mich 838 (1975), the Court wrote:

" 'There can be little question that had these services been rendered by someone other than claimant's spouse they would have been compensable under the statute. Defendant argues however that because these services were nothing more than those which a loving wife would render to her husband, they were not 'owing',

_____

[1] MCL 418.315; MSA 17.237(315) provides in part:

"The employer shall furnish, or cause to be furnished, to an employee who receives a personal injury arising out of and in the course of his employment, reasonable medical, surgical, and hospital services and medicines, or other attendance or treatment recognized by the laws of this state as legal, when they are needed."

since claimant's wife could not maintain an action against her husband to recover for these services. There is ample Michigan authority for the proposition that a husband is entitled to the services and society of his wife, and that, to the extent that such services are what a husband has a right to expect of his wife, a wife cannot maintain an action against her husband to enforce payment for those services. Those cases are not, however, dispositive of the question at hand. Given the remedial nature of the Workmen's Compensation Act, a narrow application of such authority is inappropriate. While the appellate courts of this state have not spoken to this question in a published opinion, the general rule prevailing in other jurisdictions is well stated in 2 Larson's Workmen's Compensation Law, § 61.13, pp 88.253-88.254.

" ' "The commonest controversy is the question whether practical nursing services performed by the claimant's own wife may be made the subject of a claim for nursing expenses. The earlier cases denied the allowance, on the ground that the wife did no more than she was bound to do as an affectionate spouse. Later cases, however, have permitted the charge, on the reasoning that the employer, by statute, has the affirmative duty of furnishing this kind of nursing service. If he has not done so, and if the wife then takes over these duties in addition to her regular household work and does exactly what a hired nurse would have had to do, the charge is proper." (Footnotes omitted.)'

" 'While it is clear that the Legislature by its 1963 amendment intended to eliminate the possibility of a windfall by a claimant with respect to services for which he could not be held liable, we do not believe that the Legislature intended that employer and its insurer should receive a windfall by reason of the fact that claimant's wife has performed services which should have been provided by said employer. We therefore hold that medical services provided by a claimant's wife are compensable to the same extent as they would be if the services had been rendered by someone other than the wife.' (Footnotes omitted.) 52 Mich App 354, 357-359."

*Visconti, supra,* 480-481. The Court found further support for this position in *Kushay v Sexton Dairy Co,* 394 Mich 69, 74; 228 NW2d 205 (1975), where the Supreme Court upheld the award of benefits under the compensation statute for services performed by a wife. These services consisted of serving meals in bed, bathing, dressing and escorting the disabled person.

The Court concluded by stating that since both the Worker's Disability Compensation Act and the automobile insurance statute are no-fault systems, it was reasonable to interpret the systems in a like manner when similar issues were involved. Therefore, the services rendered by Mrs. Visconti were compensable. *Visconti, supra,* 482.

While defendant recognizes the holding in *Visconti,* it argues that where services are provided by a relative who has no medical training those services constitute replacement services under MCL 500.3107(b); MSA 24.13107(b), and not "allowable expenses" under subsection (a) of the statute. However, defendant's contention is not supported by the express language of subsection (a). It provides that benefits are payable for "all reasonable charges" which relate to the care, recovery or rehabilitation of the injured person. The statute does not require that these services be supplied by "trained medical personnel".

In this case, Mrs. Van Marter, Orval's stepmother, is required to serve his meals in bed, bathe him, escort him to the doctor's office, exercise him in conformity with his doctor's instructions, assist in formulating his diet, administer medication, and assist him with speech and associational therapy. Unlike the spouse in *Visconti, supra,* she was under no legal duty to perform any services on behalf of her 31-year-old stepson. More-

over, the services performed by Mrs. Van Marter
are strikingly similar to those performed by the
spouse in *Kushay,* which were found to be compen-
sable. Finally, defendant would be liable for these
services if they were performed in a hospital or
nursing home. If we were to accept defendant's
reading of MCL 500.3107(a); MSA 24.13107(a), we
would penalize both the injured insured and his
family for providing care which would otherwise
be performed by a less personalized health care
industry. The trial court did not err when it found
that Mrs. Van Marter's services were compensable
under MCL 500.3107(a); MSA 24.13107(a).

## II

Defendant also argues that the trial court erred
when it denied defendant's motion for summary
judgment on Count II. In Count II, plaintiff alleged
that defendant's delay in paying compensation
caused plaintiff to suffer severe mental and emo-
tional distress.

Defendant's motion for summary judgment was
based on GCR 1963, 117.2(1). A motion for sum-
mary judgment under this subrule is to be tested
by the pleadings alone, and all well-pled allega-
tions must be taken as true. The motion should be
granted where plaintiff's claims are so clearly
unenforceable as a matter of law that no factual
development can possibly justify a right to recov-
ery. *State v Motorama Motel Corp,* 105 Mich App
224, 226; 307 NW2d 349 (1981).

Generally, the damages recoverable for breach
of contract are those that arise naturally from the
breach or those that were in the contemplation of
the parties at the time the contract was made.

*Kewin v Massachusetts Mutual Life Ins Co,* 409 Mich 401, 414; 295 NW2d 50 (1980), *reh den* 409 Mich 1116 (1980), *Hadley v Baxendale,* 9 Exch 341; 156 Eng Rep 145 (1854). Under this rule, damages for mental and emotional anguish are normally not recoverable.

An exception to this general rule was announced in *Stewart v Rudner,* 349 Mich 459; 84 NW2d 816 (1957). In *Stewart,* plaintiff sought damages for her mental and emotional anguish when defendant doctor's breach of his contract to deliver plaintiff's child by Caesarean section resulted in the child's death. The Court allowed recovery stating:

"When we have a contract concerned not with trade and commerce but with life and death, not with profit but with elements of personality, not with pecuniary aggrandizement but with matters of mental concern and solicitude, then a breach of duty with respect to such contracts will inevitably and necessarily result in mental anguish, pain and suffering. In such cases the parties may reasonably be said to have contracted with reference to the payment of damages therefor in event of breach. Far from being outside the contemplation of the parties they are an integral and inseparable part of it." *Id.,* 471.

The reasoning announced in *Stewart, supra,* was used by this Court to allow claims for damages for mental distress for breach of insurance contracts. *Palmer v Pacific Indemnity Co,* 74 Mich App 259, 266; 254 NW2d 52 (1977), and *McCune v Grimaldi Buick-Opel, Inc,* 45 Mich App 472; 206 NW2d 742 (1973), *lv den* 401 Mich 808 (1977). However, the validity of the holdings in *Palmer* and *McCune* are in question since the Supreme Court's decision in *Kewin, supra.* In *Kewin,* plaintiff, citing *Stewart,* sought damages for mental distress arising from

the breach of a disability insurance contract. The Court rejected his claim stating:

"Insurance contracts for disability income protection do not come within the reach of *Stewart*. Such contracts are commercial in nature; they are agreements to pay a sum of money upon the occurrence of a specified event, *Secor v Pioneer Foundry Co*, 20 Mich App 30, 35; 173 NW2d 780 (1969); 14 Mich Law & Practice, Insurance, § 71, p 50. The damage suffered upon the breach of the agreement is capable of adequate compensation by reference to the terms of the contract. We recognize that breach of the insurance contract, as with almost any agreement, results in some annoyance and vexation. But recovery for those consequences is generally not allowed, absent evidence that they were within the contemplation of the parties at the time the contract was made. 22 Am Jur 2d, Damages, § 64, p 97. See, also, *Scottish Union & National Ins Co v Bejcy*, 201 F2d 163, 166 (CA 6, 1953)." *Id.*, 416-417.

Applying the reasoning in *Kewin, supra,* this Court has held that damages for mental and emotional distress for breach of an automobile no-fault insurance contract are not recoverable. *Liddell v Detroit Automobile Inter-Ins Exchange,* 102 Mich App 636, 649; 302 NW2d 260 (1981), *Jerome v Michigan Mutual Auto Ins Co,* 100 Mich App 685, 690; 300 NW2d 371 (1980).

We agree with the reasoning used in *Liddell, supra,* and *Jerome, supra.* The contract in this case calls for the payment of money upon the occurrence of a specific event. It is not the personal type contract comparable to the contract in *Stewart, supra,* but a commercial contract for which damages for emotional or mental distress are not recoverable. Plaintiff's remedy for defendant's alleged bad faith refusal to perform the no-fault contract is limited to recovery of actual

attorney fees, as provided in MCL 500.3148; MSA 24.13148, and the 12% penalty interest, as in MCL 500.3142; MSA 24.13142. *Wood v Detroit Automobile Inter-Ins Exchange,* 99 Mich App 701, 708; 299 NW2d 370 (1980), *lv gtd* 411 Mich 900 (1981). Accordingly, the trial judge erred when he refused to grant defendant's motion for summary judgment on Count II of plaintiff's complaint.

Plaintiff also claims that Count II alleges a cause of action grounded in fraud. According to plaintiff, the insurance policy in question did not contain a coordination of benefits provision as defendant claims. Plaintiff argues that Count II of the complaint alleges that defendant's representations, that the insurance contract contained coordinated benefits, are fraudulent. When pleading a claim of fraud, plaintiff must plead that he acted in reliance on defendant's fraudulent statement. *Hi-Way Motor Co v International Harvester Co,* 398 Mich 330, 336; 247 NW2d 813 (1976). The plaintiff has failed to allege that he relied on defendant's statement and therefore has not stated a cause of action for fraud.

Plaintiff further argues that a claim of fraud is stated by virtue of his allegation that at the time of the creation of the contract defendant had no intention of performing the promises contained in the contract. A claim of fraud may be predicated on a future promise if the promise is made in bad faith without present intention to perform. *Hi-Way Motor Co, supra,* 337-338. However, a claim of fraud must be pleaded with specificity. GCR 1963, 112.2. General allegations are not sufficient to state a claim of fraud. *Emerick v Saginaw Twp,* 104 Mich App 243, 247; 304 NW2d 536 (1981). The plaintiff's complaint, even as amended, does not comply with the court rule.

Finally, plaintiff claims that his complaint states a cause of action for intentional infliction of emotional distress. Plaintiff's claim of intentional infliction of emotional distress relates solely to the defendant's alleged failure to perform according to the terms of the agreement after becoming aware of Orval's weakened condition. *Kewin, supra,* 420-421, held that, absent allegations of tortious conduct existing independently of the breach, neither damages for emotional distress nor exemplary damages are recoverable. Therefore, even assuming that the plaintiff's complaint would otherwise allege a claim of intentional infliction of emotional distress, if does not state a claim upon which relief can be granted.

The trial court's finding concerning plaintiff's ability to recover for the services rendered by his stepmother is affirmed. The trial court did, however, err when it refused to grant defendant's motion for summary judgment on Count II.

Affirmed as to Count I, reversed as to Count II. No costs.