## MANLEY v DETROIT AUTOMOBILE INTER-INSURANCE EXCHANGE

Docket No. 64882. Submitted April 19, 1983, at Detroit.—Decided July 19, 1983.

John Manley, the minor son of Kenneth and Betty Manley, suffered an injury when he was struck by an automobile. Kenneth and Betty Manley, individually, and as the next friend of John Manley, brought suit in Oakland Circuit Court against the Detroit Automobile Inter-Insurance Exchange, the Manleys' no-fault insurer. The court, Steven N. Andrews, J., entered judgment on a jury verdict for the plaintiffs for past services to John and home improvements and a declaratory judgment for the costs of John's future care. Prior to the trial the defendant was required by a preliminary injunction to pay to the plaintiffs expenses for John's room and board and care

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur 2d, New Trial §§ 212, 213.
[2] 22 Am Jur 2d, Declaratory Judgments § 47.
[3] 22 Am Jur 2d, Declaratory Judgments § 100.
[4] 7 Am Jur 2d, Automobile Insurance § 354.
    Who is "member" or resident of same "family" or "household," within no-fault or uninsured motorist provisions of motor vehicle insurance policy.
    Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.
[5] 7 Am Jur 2d, Automobile Insurance § 348.
    51 Am Jur 2d, Limitation of Actions §§ 181, 182.
[6] 75 Am Jur 2d, Trial § 610.
    Construction of statutes or rules making mandatory the use of pattern or uniform approved jury instructions. 49 ALR3d 128.
[7] 7 Am Jur 2d, Automobile Insurance §§ 27, 358.
    38 Am Jur 2d, Fright, Shock, and Mental Distrubance § 33.
[8] 75 Am Jur 2d, Trial § 463.
[9] 17 Am Jur 2d, Contracts §§ 26, 75.
[10] 7 Am Jur 2d, Automobile Insurance §§ 344, 357.
    Automobile insurer's liability for statutory excess interest for delayed payment of no-fault claim. 14 ALR4th 761.
[11] 4 Am Jur 2d, Appeal and Error §§ 527, 528.
[12] 7 Am Jur 2d, Automobile Insurance § 345.

by nurse's aides. The defendant appealed and the plaintiffs cross-appealed alleging numerous errors. *Held:*

1. The trial court did not abuse its discretion in denying the defendant's motion for a new trial based on possible jury misconduct.

2. The trial court erred in granting a declaratory judgment requiring defendant to pay for expenses which the plaintiffs had not yet incurred. The no-fault act only requires insurers to pay for allowable expenses actually incurred. Here, the judgment entered by the trial court required the defendant to make payments for expenses declared to be allowable without regard to whether such expenses were actually incurred.

3. The legal duty of parents to support their children has no effect on whether services performed by a parent for an injured child are an allowable expense for no-fault insurance purposes. However, products, services, or accommodations which are as necessary for an uninjured person as for an injured person are not allowable expenses. Here, both parties used the term "room and board" to include not only food and housing but all of the products, services, and accommodations included within a medical care institution's daily charges. Some of those products, services, and accommodations may fall within allowable expenses but some would not. The issue should be retried.

4. The plaintiffs' recovery for home modifications and past services performed by Mr. and Mrs. Manley was not barred by the one-year limitation period in the no-fault act. The right to collect personal protection insurance benefits for expenses incurred as a result of an injury accrues to the injured party even where another person may be legallly responsible for the expenses. The minority saving provision in the Revised Judicature Act extends the time for minors to bring suit under the no-fault automobile insurance act.

5. There was ample evidence in the record from which the trier of fact could conclude that each home modification at issue met the necessary requirements for an allowable expense under the no-fault automobile insurance act.

6. Modification of the verdict form is not per se a departure from the applicable standard jury instruction. Some modification of a verdict form is necessary where issues not specifically dealt with in the verdict form arise.

7. The procedure adopted by the trial court for determining the defendant's liability for John Manley's room and board and care by nurse's aides during the period of a preliminary injunction denied the defendant a trial by jury on the issue of

whether the expenses were incurred. The defendant is entitled to a trial on that issue.

8. The trial court did not err in directing a verdict for the defendant on the plaintiffs' claim for damages for mental anguish. The trial court viewed the evidence in the light most favorable to the plaintiffs and concluded that no separate contract, in which the defendant agreed to continue to make payments at the same level until the parties agreed on a different level of payments, was actually made.

9. The trial court did not err in declining to appoint a guardian for John Manley to receive payments on his behalf. The defendant has not shown how it has standing to complain of the court's refusal to appoint a guardian. There is no authority permitting the circuit court to appoint a guardian for a minor other than the minor's parents under the circumstances presented here.

10. The plaintiffs are entitled to 12% penalty interest beginning 30 days after evidence was introduced at the trial constituting reasonable proof of the fact and amount of the loss and continuing until the defendant paid the benefits. The trial court erred in denying the interest on the ground that there had been a bona fide factual dispute as to the amount of benefits payable. The existence of a bona fide dispute does not prevent an award of penalty interest if the insurer received reasonable proof of the fact and amount of loss but failed to pay benefits on time.

11. The trial court erred in awarding plaintiffs an attorney fee.

Affirmed in part, reversed in part, and remanded.

1. NEW TRIAL — APPEAL.

The grant or denial of a motion for a new trial is committed to the sound discretion of the trial court; no basis for reversal is presented unless the trial court's discretion was abused.

2. ACTIONS — DECLARATORY JUDGMENTS — NO-FAULT INSURANCE — ACTUAL CONTROVERSIES — COURT RULES.

A court is not precluded by the "actual controversy" requirement of the court rule governing declaratory judgments from reaching issues before injuries or losses have occurred; an action for a declaratory judgment is therefore an appropriate mechanism for determining whether an expense will be allowable under the no-fault insurance act before the expense is actually incurred (GCR 1963, 521.6; MCL 500.3107[a]; MSA 24.13107[a]).

3. COURTS — JURISDICTION — DECLARATORY JUDGMENTS — FUTURE
   DAMAGES — COURT RULES.

   A trial court may retain jurisdiction to determine future damages
   after granting a judgment for declaratory relief (GCR 1963,
   521.6).

4. INSURANCE — NO-FAULT INSURANCE — PARENT AND CHILD —
   ALLOWABLE EXPENSES.

   The provision of the no-fault automobile insurance act that the
   insurer bear the cost of medical services, other attendance, and
   treatment focuses on the nature of the service provided, not on
   the relative status or devotion of the provider of the service to
   the injured party; if services within the statutory intendment
   are provided by a parent, the insurer is obligated to pay for
   them; the legal duty of parents to support their children has no
   effect on whether services performed by a parent for a child are
   an allowable expense (MCL 500.3107[a]; MSA 24.13107[a]).

5. LIMITATION OF ACTIONS — SAVING PROVISIONS — MINORS — NO-
   FAULT INSURANCE.

   The general saving provisions of the Revised Judicature Act
   apply to causes of action created by Michigan statutes; thus,
   the minority saving provision in the Revised Judicature Act
   extends the time for minors to bring suit under the no-fault
   automobile insurance act, which contains its own period of
   limitations (MCL 500.3145, 600.5851; MSA 24.13145, 27A.5851).

6. JURY — STANDARD JURY INSTRUCTIONS.

   The giving of an applicable requested standard jury instruction
   which accurately states the law is mandatory in a civil case
   and a trial court's refusal to give such an instruction is error
   requiring reversal (GCR 1963, 516.6[2]).

7. DAMAGES — CONTRACTS — MENTAL ANGUISH.

   Damages for mental anguish are ordinarily not recoverable in an
   action for breach of a commercial insurance contract including
   a no-fault automobile insurance contract.

8. MOTIONS AND ORDERS — DIRECTED VERDICTS.

   A directed verdict for a defendant is properly granted if the
   evidence viewed in the light most favorable to the plaintiff fails
   to establish a prima facie case.

9. CONTRACTS — CONTRACT TO MAKE A CONTRACT.

   A "contract to make a contract" is not a contract at all if the

contract the parties agree to make is to contain a material term not already agreed upon.

10. INSURANCE — NO-FAULT INSURANCE — PENALTY INTEREST.

Interest in the amount of 12% per annum is payable on an award of personal protection insurance benefits where payment is not made within 30 days after the insurer receives reasonable proof of the fact and of the amount of the loss; the existence of a bona fide dispute does not prevent an award of penalty interest if the insurer received reasonable proof of the fact and amount of loss but failed to pay benefits on time; evidence introduced at the time of trial may constitute reasonable proof of the fact and amount of loss (MCL 500.3142; MSA 24.13142).

11. APPEAL — EXHIBITS.

The Court of Appeals will not consider an exhibit submitted on appeal where the exhibit was not submitted to the trial court.

12. INSURANCE — NO-FAULT INSURANCE — ATTORNEY FEES.

An attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal or property protection no-fault insurance benefits which are overdue; the attorney fee should be a charge against the insurer in addition to the benefits recovered if a court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed making proper payment (MCL 500.3148[1]; MSA 28.13148[1]).

*Moore, Sills, Poling & Wooster, P.C.* (by *Randall J. Gillary),* for plaintiff.

*Condit, McGarry & Schloff, P.C.* (by *Richard P. Condit),* for defendant.

Before: BRONSON, P.J., and J. H. GILLIS and MAC-KENZIE, JJ.

MACKENZIE, J. John Manley, son of Kenneth A. Manley and Betty D. Manley, suffered a severe head injury when he was struck by an automobile on May 10, 1974. Defendant Detroit Automobile Inter-Insurance Exchange was the Manleys' no-fault automobile insurance carrier at the time of the accident. In this action, plaintiffs sought to

recover damages and past expenses from defendant and to obtain a declaratory judgment as to the benefits due from defendant in the future. After a jury trial, defendant was found liable for $19,087.26 for modifications to the Manleys' home and for $12,000 for past services performed by Kenneth and Betty Manley. Defendant was further ordered to pay the Manleys $30 per day for room and board and $128 per day for care by nurse's aides as long as John Manley is cared for at his parents' home or until further order of the court. For slightly more than a year prior to trial, defendant was required by a preliminary injunction to pay plaintiffs $78 per day for room and board and $128 per day for care by nurse's aides. Defendant was allowed a credit for the amount paid under the preliminary injunction in excess of the rates later found by the jury. Defendant appeals by right, while plaintiffs cross-appeal.

## I

Defendant argues that the trial court erred by denying its motion for a new trial without allowing it to question jurors concerning possible misconduct. After the close of proofs, an alternate juror who had been discharged pursuant to GCR 1963, 511.2 had a conversation in chambers with the trial judge about the case. The discharged juror then ate lunch with other jurors. The jurors were instructed not to discuss the case at lunch. In its opinion denying defendant's motion for a new trial, the court stated that it promptly informed counsel for defendant of these developments and solicited recommendations or objections. None were made. The grant or denial of a motion for a new trial is committed to the sound discretion of the trial court; no basis for reversal is presented

unless the trial court's discretion was abused. *Willett v Ford Motor Co,* 400 Mich 65, 70-71; 253 NW2d 111 (1977). On this record, we cannot say that an abuse of discretion is presented. Compare *Szopko v Kinsman Marine Transit Co,* 96 Mich App 64, 67-68; 292 NW2d 486 (1980).

## II

Defendant argues that the trial court erroneously required it to pay for expenses which plaintiffs had not yet incurred. Plaintiffs respond that anticipation of future expenses is an appropriate use of a declaratory judgment. MCL 500.3107; MSA 24.13107 provides in part:

"Personal protection insurance benefits are payable for the following:

"(a) Allowable expenses consisting of all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery or rehabilitation."

MCL 500.3110(4); MSA 24.13110(4) provides:

"Personal protection insurance benefits payable for accidental bodily injury accrue not when the injury occurs but as the allowable expense, work loss or survivors' loss is incurred."

MCL 500.3142(1); MSA 24.13142(1) provides:

"Personal protection insurance benefits are payable as loss accrues."

In *Shavers v Attorney General,* 402 Mich 554, 588-589; 267 NW2d 72 (1978), the Court explained that declaratory judgments exist to provide broad, flexible remedies for plaintiffs who seek guides for

future conduct in order to preserve their legal rights. The Court further explained that in an action for a declaratory judgment the trial court is not precluded from reaching issues before actual injuries or losses have occurred. An action for a declaratory judgment is therefore an appropriate mechanism for determining whether an expense will be "allowable" under the standard stated in MCL 500.3107(a); MSA 24.13107(a), before the expense is actually incurred. Plaintiffs may use an action for a declaratory judgment to avoid the risk of incurring expenses for which the insurer will not reimburse them.

A trial court in an action for a declaratory judgment may retain jurisdiction to grant further relief based on the declaratory judgment. GCR 1963, 521.6; *Stein v Continental Casualty Co,* 110 Mich App 410, 426-427; 313 NW2d 299 (1981). A trial court therefore may retain jurisdiction to determine whether expenses previously declared to be allowable are subsequently actually incurred and to enter a judgment against the insurer for such incurred allowable expenses. Here, however, the judgment entered by the trial court required defendant to make payments for expenses declared to be allowable without regard to whether such expenses were actually incurred. Because the no-fault statute only requires insurers to pay for allowable expenses actually incurred, the judgment entered here was erroneous.

## III

Defendant argues that the trial court erred by requiring it to make payments for John Manley's room and board. Defendant relies on the legal duty of parents to support their minor children; see MCL 722.3; MSA 25.244(3).

In *Kushay v Sexton Dairy Co,* 394 Mich 69, 74; 228 NW2d 205 (1975), a workers' compensation case, the Court considered the liability of an employer for services provided by a spouse to an injured employee. The Court rejected tests based on the legal duty of a spouse or on what a conscientious spouse would do:

"The language of the statute, 'reasonable medical, surgical and hospital services and medicines or other attendance or treatment', focuses on the nature of the service provided, not the status or devotion of the provider of the service. Under the statute, the employer bears the cost of medical services, other attendance and treatment. If services within the statutory intendment are provided by a spouse, the employer is obligated to pay for them.

"Ordinary household tasks are not within the statutory intendment. House cleaning, preparation of meals and washing and mending of clothes, services required for the maintenance of persons who are not disabled, are beyond the scope of the obligation imposed on the employer. Serving meals in bed and bathing, dressing, and escorting a disabled person are not ordinary household tasks. That a 'conscientious' spouse may in fact perform these services does not diminish the employer's duty to compensate him or her as the person who discharges the employer's duty to provide them."

In *Visconti v Detroit Automobile Inter-Ins Exchange,* 90 Mich App 477; 282 NW2d 360 (1979), the Court considered whether services provided by a spouse can constitute replacement services compensable under MCL 500.3107(b); MSA 24.13107(b). The Court drew an analogy to *Kushay v Sexton Dairy Co* and concluded that services other than the performance of ordinary household tasks were compensable.

In *Van Marter v American Fidelity Fire Ins Co,* 114 Mich App 171; 318 NW2d 679 (1982), the

Court considered whether services provided by a spouse can constitute an "allowable expense" under MCL 500.3107(a); MSA 24.13107(a). The *Visconti* and *Kushay* cases convinced the Court that such services could constitute an allowable expense. The Court commented that the spouse in the case before it, unlike the spouse in *Visconti,* had no duty to provide the services in question. 114 Mich App 180. However, this dictum had no significance; in both *Visconti* and *Van Marter,* recovery was allowed for the services of the spouse.

We conclude that the legal duty of parents to support their children has no effect on whether services performed by a parent for a child are an "allowable expense". That was the result reached in *Kushay* in construing the statute on workers' compensation. Moreover, a parent's duty to support a minor child requires the parent to furnish all necessaries essential to the health and comfort of the child, including, for example, medical care. See 59 Am Jur 2d, Parent and Child, §§ 55, 59, pp 144-146, 149-150. The exception for which defendant argues would engulf many of the expenses which the statute expressly requires the insurer to pay. We deduce from *Visconti* and *Kushay* that services performed by close relatives other than the peformance of ordinary household tasks can be "allowable expenses".

This result can be reconciled with the language of MCL 500.3107(a); MSA 24.13107(a). That statute specifies that products, services, and accommodations not reasonably necessary for the injured person's care, recovery, or rehabilitation are not "allowable expenses". The necessity for the performance of ordinary household tasks has nothing to do with the injured person's care, recovery, or

rehabilitation; such tasks must be performed whether or not anyone is injured.

This reasoning supports a generalization concerning the circumstances in which a product, service, or accommodation can fall within the definition of "allowable expense". Products, services, or accommodations which are as necessary for an uninjured person as for an injured person are not "allowable expenses". In applying this rule, it is necessary to distinguish between injured persons for whom institutionalization in a hospital or nursing home is reasonably necessary and injured persons cared for at home. For example, food is as necessary for an uninjured person as for an injured person. Food, therefore, is not ordinarily an "allowable expense" for an injured person cared for at home, unless the nature of the injury makes a special diet reasonably necessary. However, ordinarily an institutionalized injured person must obtain food through the institution, and the cost of obtaining food through the institution presents an extraordinary expense not analogous to the cost of obtaining food at home. Therefore, for the institutionalized injured person, food obtained through the institution is ordinarily an "allowable expense".

Here, plaintiffs relied upon evidence that the Oakland County Medical Care Facility charged $78 per day for John's care while John was a patient there. Defendant relied upon evidence that John could be accommodated in a nursing home at $48 per day. The jury accepted neither of these figures but found that $30 per day was reasonably necessary for John's room and board. However, it is apparent from the evidence on which both sides relied that the parties are using the term "room and board" to include not only food and housing,

but all of the products, services, and accommodations included within these institutions' daily charges. Some of these products, services, and accommodations may fall within the definition of "allowable expenses" but some will not. Because, due to the mistaken approach of both parties to this issue, we are unable to determine what allowable expenses, if any, are included within plaintiffs' recovery for room and board, we conclude that this issue must be retried.

We note that, while comparison to rates charged by institutions provides a valid method for determining whether the amount of an expense was reasonable and for placing a value on comparable services performed by Mr. and Mrs. Manley, the requirement that an allowable expense must have been incurred means that defendant cannot be required to pay more for a product, service, or accommodation than the price at which plaintiffs purchase it. Services performed by Mr. and Mrs. Manley which are "allowable expenses" under the rule previously stated are implicitly purchased by John at their reasonable market value. We further note that a recovery for the accommodation of John in his parents' home here cannot be permitted, because plaintiffs obtained a separate recovery of the costs of modifying the home to meet John's special needs, and because, except for the modifications necessitated by John's special needs, a home is as necessary for an uninjured person as for John.

## IV

Defendant argues that plaintiffs' recovery for home modifications and for much of the past services performed by Mr. and Mrs. Manley was barred by the one-year limitation period contained

in MCL 500.3145; MSA 24.13145. However, John's claims and those of persons claiming under John were preserved by the minority savings provision of MCL 600.5851; MSA 27A.5851. See *Rawlins v Aetna Casualty & Surety Co,* 92 Mich App 268; 284 NW2d 782 (1979); *Hartman v Ins Co of North America,* 106 Mich App 731, 743-744; 308 NW2d 625 (1981), and *Geiger v Detroit Automobile Inter-Ins Exchange,* 114 Mich App 283; 318 NW2d 833 (1982). In *Geiger,* the Court pointed out that claims such as those at issue here are arguably claims of the child rather than of the parents and that, to the extent that the parents have independent claims, the parents are "claiming under" the child and so fall within the rule stated in MCL 600.5851; MSA 27A.5851.

## V

Defendant argues that the award of $19,087.26 for home modifications was not supported by the evidence. As we have seen, MCL 500.3107(a); MSA 24.13107(a) sets forth three requirements for an "allowable expense". The expense must have been incurred, it must have been for a product, service, or accommodation reasonably necessary for the injured person's care, recovery, or rehabilitation, and the amount of the expense must have been reasonable.

In its brief on appeal, defendant admits that it is responsible for payment for home modifications reasonably necessary for John's care. Defendant has not argued or cited authority to show that any particular modification did not meet the three requirements for an "allowable expense"; defendant has therefore waived any such contention. *Mitcham v Detroit,* 355 Mich 182, 203; 94 NW2d 388 (1959). Defendant argues only that the expen-

ses here were excessive when taken as a whole. However, if each expense is allowable individually, we cannot see how the expenses become excessive when taken as a whole. There was ample evidence in the record here from which the trier of fact could conclude that each home modification at issue met the three requirements for an "allowable expense".

## VI

Defendant argues that the verdict form employed here was an improper departure from that specified in SJI 67.01. In a civil case, the giving of an applicable requested standard jury instruction which accurately states the law is mandatory, and refusal to give such an instruction is error requiring reversal. GCR 1963, 516.6(2); *Javis v Ypsilanti Bd of Ed,* 393 Mich 689; 227 NW2d 543 (1975); *Socha v Passino,* 405 Mich 458; 275 NW2d 243 (1979). However, the use note to SJI 67.01 expressly states that modification of the verdict form is necessary where issues not specifically dealt with in the verdict form arise. Modification of the verdict form here was therefore not a departure from the applicable standard jury instruction. We do not necessarily approve of all the specific modifications made here; we hold merely that modification of the form presents no error independent of the merits of the specific modification. The merits of each specific modification here are adequately dealt with in our discussion of other issues.

Defendant also argues that it was denied a trial by jury on issues concerning room and board and care by nurse's aides during the period of the preliminary injunction. The trial court determined defendant's liability for these expenses by applying the rates later approved by the jury; defendant

was given a credit for payments under the preliminary injunction in excess of the approved rates. This procedure suffered from the same defect we pointed out in our discussion of the preliminary injunction. Defendant was required by the trial court to pay at a certain rate without regard to the amount of expenses actually incurred. The procedure adopted by the trial court denied defendant a trial by jury on the issue of whether the expenses were incurred.

## VII

Plaintiffs argue that the trial court erred by directing a verdict for defendant on plaintiffs' claim for damages for mental anguish. In *Kewin v Massachusetts Mutual Life Ins Co,* 409 Mich 401; 295 NW2d 50 (1980), the Court held that damages for mental anguish are ordinarily not recoverable in an action for breach of a commercial insurance contract. The *Kewin* rule applies to no-fault automobile insurance contracts. *Jerome v Michigan Mutual Auto Ins Co,* 100 Mich App 685; 300 NW2d 371 (1980); *Liddell v Detroit Automobile Inter-Ins Exchange,* 102 Mich App 636; 302 NW2d 260 (1981); *Van Marter v American Fidelity Fire Ins Co, supra.*

In an effort to avoid the consequences of the foregoing cases, plaintiffs have relied upon an alleged separate contract in which defendant agreed to continue to make payments at the same level until the parties agreed on a different level of payments. A directed verdict for defendant is properly granted if the evidence, viewed in the light most favorable to plaintiff, fails to establish a prima facie case. *Caldwell v Fox,* 394 Mich 401,

407; 231 NW2d 46 (1975). In *Professional Facilities Corp v Marks,* 373 Mich 673, 679; 131 NW2d 60 (1964), the Court held that a so-called "contract to make a contract" is no contract at all if the contract the parties agree to make is to contain a material term not already agreed upon. Here, the trial court viewed the evidence in the light most favorable to plaintiffs and concluded that, in view of *Professional Facilities Corp v Marks,* no separate contract was made. On this record, we cannot say that the trial court erred by so concluding.

## VIII

Defendant argues that the trial court erred by declining to appoint a guardian for John to receive payments on John's behalf. The record contains an order appointing Mr. and Mrs. Manley jointly to serve as next friend of their son for the purpose of bringing this action. Under the circumstances presented here, the validity of the proceedings and the jurisdiction of the trial court would not be affected by an irregularity in the appointment of a next friend. See *Kamieniecki v Garden City Hospital, Osteopathic,* 375 Mich 257, 260; 134 NW2d 219 (1965). We know of no authority permitting the circuit court to appoint a guardian for a minor other than the minor's parents under the circumstances presented here; compare MCL 700.424; MSA 27.5424. Finally, defendant has not shown how it has standing to complain of the court's refusal to appoint a guardian. The record here does not show any misconduct on the part of Mr. and Mrs. Manley in regard to the sums that plaintiffs recovered, but, even if it did, we cannot see how defendant's rights or liabilities could be thereby affected.

IX

Plaintiffs argue that the trial court erred by declining to award them the 12% penalty interest provided for in MCL 500.3142; MSA 24.13142. That statute provides in part:

"(2) Personal protection insurance benefits are overdue if not paid within 30 days after an insurer receives reasonable proof of the fact and of the amount of loss sustained.

*     *     *

"(3) An overdue payment bears simple interest at the rate of 12% per annum."

Plaintiffs sought the 12% interest for their recovery for home modifications and other past expenses. The trial court treated the standard for the award of penalty interest as the same as that for the award of an attorney fee under MCL 500.3148(1); MSA 24.13148(1), and the court denied plaintiffs' interest on the ground that there had been a bona fide factual dispute as to the amount of benefits payable. That holding was erroneous; the existence of a bona fide dispute does not prevent an award of penalty interest if the insurer received reasonable proof of the fact and amount of loss but failed to pay benefits on time. *Cook v Detroit Automobile Inter-Ins Exchange,* 114 Mich App 53; 318 NW2d 476 (1982); *Nash v Detroit Automobile Inter-Ins Exchange,* 120 Mich App 568; 327 NW2d 521 (1982).

By an exhibit attached to their brief on appeal, plaintiffs have attempted to show that they gave defendant reasonable proof of the fact and amount of their home modification expenses on May 15, 1981. Because there is no record of this exhibit

ever being submitted to the trial court, this Court will not consider it. *Dora v Lesinski,* 351 Mich 579, 581; 88 NW2d 592 (1958).

Plaintiffs also rely upon the evidence introduced at trial as reasonable proof of the fact and amount of their losses. Nothing in MCL 500.3142; MSA 24.13142 prevents the evidence introduced at trial from being the reasonable proof of the fact and amount of the loss which starts the 30-day period to run. In *Hartman v Ins Co of North America, supra,* p 747, the Court approved an award of penalty interest where the reasonable proof of the fact and amount of loss on which plaintiff relied was plaintiff's complaint. Allowing the evidence introduced at trial to be the proof which starts the 30-day period running is consistent with the purpose of the provision for penalty interest as explained in *Wood v Detroit Automobile Inter-Ins Exchange,* 99 Mich App 701, 709; 299 NW2d 370 (1980). We therefore conclude that plaintiffs are entitled to penalty interest beginning 30 days after evidence was introduced at the trial constituting reasonable proof of the fact and amount of the loss and continuing until defendant paid the benefit at issue.

## X

MCL 500.3148(1); MSA 24.13148(1) provides:

"An attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal or property protection insurance benefits which are overdue. The attorney's fee shall be a charge against the insurer in addition to the benefits recovered, if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment."

Here, the trial court determined that defendant had unreasonably refused to pay plaintiffs' claim for care by nurse's aides and awarded plaintiffs an attorney fee for that portion of their claim. Defendant argues that the trial court erred by awarding any attorney fee, while plaintiffs argue that the trial court should have awarded them an attorney fee covering their entire case.

The statute conditions an award of attorney fees on a finding that the insurer unreasonably refused to pay or unreasonably delayed in making payment. We therefore conclude that plaintiffs are not entitled to an award of attorney fees for that portion of their claim which involved future expenses because the insurer's obligation to pay those expenses would not arise until the expenses were incurred. The evidence introduced at the trial showed that plaintiffs made no claim for home modification expenses or for the value of their services before commencing this action; the trial court therefore did not err in holding that defendant had not unreasonably refused to pay or unreasonably delayed in making payment for those expenses. The only remaining elements of plaintiffs' recovery are the expenses for room and board and for care by nurse's aides between the time of the preliminary injunction and the time of trial. Those expenses could not support an award of attorney fees because defendant paid those expenses promptly pursuant to the preliminary injunction. We therefore conclude that plaintiffs were not entitled to an attorney fee under MCL 500.3148(1); MSA 24.13148(1).

## CONCLUSION

On remand, defendant is entitled to a new trial on the issues of room and board and whether

expenses for room and board and care by nurse's aides during the period of the preliminary injunction were incurred. The trial court is to modify its declaratory judgment and to award plaintiffs 12% penalty interest in accordance with our discussion of those issues. Plaintiffs are not entitled to an attorney fee pursuant to MCL 500.3148(1); MSA 24.13148(1).

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We retain no jurisdiction.