## LEE *v.* MISFELDT.

1. INSURANCE—INTERJECTION INTO NEGLIGENCE CASE—VOIR DIRE EXAMINATION—EXPLANATION BY JUDGE.

    Statutory prohibition against interjection of insurance into negligence action *held,* not violated so as to require a mistrial, where a prospective juror, on *voir dire* examination, stated he felt he would be prejudiced if insurance companies were involved in the case and trial judge explained that insurance coverage was not an issue in the case (CLS 1961, § 500.3030).

2. NEW TRIAL—INSURANCE—STATEMENT ON VOIR DIRE EXAMINATION —EXPLANATION BY JUDGE.

    New trial was properly denied where question of insurance was inadvertently injected into a negligence action by juror's statement on *voir dire* examination and trial judge indicated to the jury that insurance coverage was not an issue in the case (CLS 1961, § 500.3030).

3. JURY—CHALLENGE FOR CAUSE—PRECONCEIVED OPINIONS OR PREJUDICES—BURDEN OF SHOWING DISQUALIFICATION.

    Disqualification of juror by trial judge without a *prima facie* case on the record that juror is not qualified and competent to serve, when juror was challenged for cause *held,* improper, but not reversible error, where complaining party had at least one peremptory challenge left to remove juror that replaced challenged juror and there is no evidence that the complaining party had any objection to juror who replaced excused juror or to the entire panel (GCR 1963, 511.4).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 31 Am Jur, Jury § 208; 38 Am Jur, Negligence § 343.
    Admissibility of evidence, and propriety and effect of questions, statements, comments, etc., tending to show that defendant in personal injury or death action carries liability insurance. 4 ALR2d 761.
[3] 31 Am Jur, Jury § 152.
[4] 31 Am Jur, Jury § 146.
[5, 6] 31 Am Jur, Jury § 146 *et seq.*

4. SAME—CHALLENGE FOR CAUSE—FAIR TRIAL.
   Challenge for cause is ordinarily granted to insure a fair and
   impartial trial (GCR 1963, 511.4).

5. SAME—CHALLENGE FOR CAUSE—SHOWING AS TO IMPAIRMENT OF
   IMPARTIALITY.
   It is incumbent upon party who challenges a juror for cause
   to show the court that the juror has preconceived opinions or
   prejudices, or such other interests, limitations, or knowledge
   as would impair his capacity to render a fair and impartial
   verdict (GCR 1963, 511.4).

6. SAME—PRESUMPTION OF COMPETENCY—BURDEN OF SHOWING DIS-
   QUALIFICATION.
   A person sitting on a jury panel is presumed to be qualified and
   competent to serve, and the burden is on the challenging party
   to make out a *prima facie* case to the contrary (GCR 1963,
   511.4).

Appeal from Oakland; Moore (Arthur E.), J.
Submitted Division 2 October 7, 1965, at Lansing.
(Docket No. 222.) Decided November 15, 1965.
Leave to appeal denied by Supreme Court February
15, 1966. See 377 Mich 702.

Declaration by Stanley Lee against Jean Misfeldt
for alleged injuries arising from an automobile ac-
cident. Verdict and judgment for defendant. Plain-
tiff appeals. Affirmed.

*Kelman, Loria, Downing & Craig (Morton E.
Schneider,* of counsel), for plaintiff.

*Howlett, Hartman & Beier (William B. Hartman,*
of counsel), for defendant.

QUINN, P. J. This case arose from an accident
which occurred on Telegraph road near Glendale,
Waterford township, Oakland county, during the
evening of March 31, 1961. Plaintiff was a passenger
in an automobile, owned and operated by a friend,
which was proceeding in a southbound direction
following another vehicle. Defendant had left her

automobile unattended, with the motor running, on
an incline in a parking lot adjacent to Telegraph
road. Defendant's automobile rolled out onto Tele-
graph road causing the driver of the vehicle preced-
ing the one in which plaintiff was riding to apply his
brakes to avoid an accident. Plaintiff was injured
in the ensuing rear-end collision.

Plaintiff predicated his claim of negligence on de-
fendant's failure to secure her automobile to keep
it from rolling, as admittedly it did.

After the jury had been sworn to try the case,
but before commencement of testimony, plaintiff
moved for a mistrial on the grounds that the trial
court made a prejudicial statement in answer to a
prospective juror's question concerning the involve-
ment of insurance in the case. The motion was de-
nied. Plaintiff renewed the motion at the conclusion
of testimony and it was again denied. The case was
submitted to the jury which returned a verdict of no
cause for action. Judgment entered and plaintiff's
motion for new trial was denied.

The first issue raised on appeal is whether or not
the trial court committed reversible error in its
response to a prospective juror's question on in-
surance during *voir dire* examination. In response
to a question raised by a prospective juror during
the examination, the court stated that insurance was
not involved in the case. Plaintiff challenges this
as a violation of the rule contained in CLS 1961,
§ 500.3030 (Stat Ann 1957 Rev § 24.13030) and
claims that it was prejudicial to his case, as it in-
dicated to the jurors that the defendant might be
uninsured.

The disputed statement is contained in the fol-
lowing testimony:

*"The Court.* Were you in the courtroom and
heard the questions we propounded to the jurors?

"*Juror Hemp.* Yes, sir.

"*The Court.* Are there any that you would answer yes to?

"*Juror Hemp.* Only thing I could say, I am afraid I would be a little prejudiced if this involves insurance companies because my wife was involved in an accident a couple years ago.

"*The Court.* You don't feel you could be impartial if insurance were involved?

"*Juror Hemp.* No, sir.

"*The Court.* Well, may I say to you that insurance is not involved in this case, but if you associate automobile accidents with insurance, you can't disassociate them in your mind, this might be a prejudicial position. I guess what we would have to say to you is that if you feel you can't accept my statement that this case is to be tried without any reference to insurance, that there is no insurance involved in the trial of this case, whether you feel that you could not approach the matter from that standpoint —do you feel that insurance has to be involved in every case in accidents?

"*Juror Hemp.* No, sir. If it involves insurance, I am prejudiced against them.

"*The Court.* Well, it is not involved in this case."

Under the circumstances here involved, we think that the trial court was correct in denying the motion to declare a mistrial, and in subsequently denying a motion for a new trial, based in part on such alleged error. It is unfortunate that the question of insurance ever had to enter the case, but since it inadvertently did, we are satisfied that the trial judge indicated to the jury that a question of insurance coverage was not an issue in the case. What occurred did not constitute reversible error. *Herman* v. *Ploszczanski* (1963), 369 Mich 252.

The second issue raised is whether or not the trial court committed reversible error in excusing a

juror challenged for cause.[1]  A challenge is ordinarily granted to insure a fair and impartial trial. In order to discharge a juror for cause, it is incumbent upon the challenger to show the court that the juror has preconceived opinions or prejudices, or such other interests, limitations or knowledge as would impair his capacity to render a fair and impartial verdict.  2 Honigman and Hawkins, Mich Court Rules Annotated, p 466.

A person sitting on a jury panel is presumed to be qualified and competent to serve, and the burden is on the challenging party to make out a *prima facie* case to the contrary.  *People* v. *Collins* (1911), 166 Mich 4.  This the defendant failed to do, and it is the opinion of this Court that though defendant made her challenge for cause without first establishing on the record a proper foundation to disqualify the juror from sitting, the excusing of this juror, while improper, did not prejudice the plaintiff so as to constitute a reversible error.  *Church* v. *Stoldt* (1921), 215 Mich 469.  There is no evidence that plaintiff had any objection to the juror who replaced the excused juror or to the entire panel.  *Reynolds* v. *Knowles* (1923), 223 Mich 70.  The record also indicates that defendant had at least one peremptory challenge left that could have been used to eliminate this same juror.[2]

Finding no reversible error, the trial court is affirmed, with costs to appellee.

McGREGOR and WATTS, JJ., concurred.

---

[1] See GCR 1963, 511.4.—REPORTER.
[2] See GCR 1963, 511.5.—REPORTER.