SHAW v. MACOMB COMMUNITY COLLEGE

1. COLLEGES AND UNIVERSITIES—COMMUNITY COLLEGE INSTRUCTORS—
   TEACHERS' TENURE ACT.
   Community college instructors are not "teachers" as that word
   is used in the teachers' tenure act, because a "teacher" must
   be a certificated person, no statutory provisions exist for cer-
   tifying community college instructors, and the State Board
   of Education, according to a ruling by the Attorney General,
   cannot validly promulgate rules for their certification (MCLA
   38.71).

2. COLLEGES AND UNIVERSITIES—TEACHERS' TENURE ACT—CERTIFICAT-
   ED PERSON.
   A "certificated" person within the meaning of the teachers'
   tenure act, as that term has been construed by the State
   Board of Education, is a person who holds a certificate which
   is valid for the position to which he is assigned; the holding
   of an elementary or secondary teaching certificate does not
   bring a community college instructor within the purview of
   the teachers' tenure act (MCLA 38.72).

Appeal from Macomb, Frank E. Jeannette, J.
Submitted Division 2 October 6, 1971, at Lansing.
(Docket No. 10422.) Decided November 22, 1971.
Leave to appeal granted, 387 Mich 754.

Complaint by Hazel C. Shaw against Board of
Trustees of Macomb Community College for dam-
ages for breach of contract. Order entered striking
all references to the teachers' tenure act. Plaintiff
appeals. Circuit court order amended to grant sum-
mary judgment for defendant and affirmed.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 15 Am Jur 2d, Colleges and Universities § 11.

*Campbell, Lee, Kurzman & Leitman,* for plaintiff.

*Johnston & Wendt,* for defendant.

*Amicus Curiae: Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Eugene Krasicky* and *Gerald F. Young,* Assistants Attorney General.

Before: QUINN, P. J., and DANHOF and TARGONSKI,* JJ.

DANHOF, J. The plaintiff commenced this action seeking money damages for breach of contract. From February, 1965, through June of 1967 the plaintiff had been employed by the defendant in its nursing education program with the title, Coordinator of Nursing. In April of 1967 the plaintiff was informed that her contract would not be renewed. In 1969 she commenced this action. The trial court found that insofar as the plaintiff's complaint was based on the teachers' tenure act[1] it failed to state a claim upon which relief could be granted.

The trial court entered an order striking all reference to the teachers' tenure act from the pleadings. The holding of the trial court was that the tenure act did not apply to community colleges and, therefore, the plaintiff was not entitled to relief under the statute. The proper procedure would have been to enter a summary judgment under GCR 1963, 117.2(1). Thus, insofar as plaintiff's claim is based on the tenure act the order of the trial court is amended to grant to the defendant a summary judgment because of the failure to state a claim upon which relief can

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] MCLA § 38.71 *et seq.* (Stat Ann 1968 Rev § 15.1971 *et seq.*).

be granted. GCR 1963, 820. As amended, we affirm the judgment of the trial court.

The parties agree that the question presented is whether the teachers' tenure act applies to community colleges organized under the Community College Act of 1966, MCLA § 389.1 *et seq.* (Stat Ann 1968 Rev § 15.615[101] *et seq.*).

The teachers' tenure act applies to teachers and the Legislature has defined the term "teacher" as follows:

"The term 'teacher' as used in this act shall include all certificated persons employed for a full school year by any board of education or controlling board of any public educational institution." (MCLA § 38.71 [Stat Ann 1971 Cum Supp § 15.1971].)

At the present time there are no statutory provisions for certifying community college instructors and the Attorney General has ruled that the State Board of Education cannot validly promulgate rules for the certification of community college instructors. OAG, 1961–1962, No 3478, p 239 (January 24, 1962). Since there are no provisions for certificating community college instructors obviously the plaintiff cannot be a certificated community college instructor and therefore a certificated person covered by the act.

The parties have stipulated that between October 15, 1964, and June 30, 1969, the plaintiff held a secondary provisional certificate that was valid for teaching all subjects in grades 7 and 8 and subjects in health and social science in grades 9 through 12. However, the holding of an elementary or secondary certificate does not bring a person under the act. The most logical construction of the terms "certificated person" is a person who holds a certificate which is valid for the position to which he is as-

signed.  This is the construction given to the terms by the State Board of Education which by statute, MCLA § 38.72 (Stat Ann 1971 Cum Supp § 15.1972), is given the power to define the term "certificated." See 1964–1965 AACS, R 390.661.  While not controlling on a court, the construction given to a statute by the agency charged with its administration is entitled to great weight. *Magreta* v. *Ambassador Steel Company* (1968), 380 Mich 513.

The plaintiff is not a certificated person and therefore she is not covered by the teachers' tenure act.

A further reason for affirming the trial court is that plaintiff's complaint is based on the tenure act and thus plaintiff is limited to the relief provided by the act.  That relief is reinstatement with back pay. MCLA § 38.103 (Stat Ann 1968 Rev § 15.2003).  Under the circumstances of this case a circuit court action for damages for breach of contract is inappropriate insofar as it is based on the tenure act.

Modified and affirmed.

All concurred.