BUTLER v DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE

Docket No. 58323. Submitted June 7, 1982, at Detroit.—Decided
    December 6, 1982.

Bernadette Butler was injured when she fell out of a moving
    automobile. Mrs. Butler filed a claim for benefits with her
    insurer, Detroit Automobile Inter-Insurance Exchange. DAIIE
    failed either to admit or deny coverage on the claim. Mrs.
    Butler filed suit in Wayne Circuit Court against DAIIE seeking
    the withheld benefits, damages for breach of the insurance
    contract, attorney fees and interest. Subsequently, the plaintiff
    amended her complaint to add a claim for mental distress. The
    court, Charles S. Farmer, J., entered a judgment for plaintiff on

REFERENCES FOR POINTS IN HEADNOTES
[1] 22 Am Jur 2d, Damages §§ 20, 21, 55-62, 195, 196.
    Foreseeability as an element of negligence and proximate cause.
        100 ALR2d 942.
[2] 7 Am Jur 2d, Automobile Insurance §§ 340, 345.
    Validity and construction of "no-fault" automobile insurance plans.
        42 ALR3d 229.
[3] 61A Am Jur 2d, Pleading §§ 201, 217, 226, 230.
[4] 5 Am Jur 2d, Appeal and Error § 700.
[5] 5 Am Jur 2d, Appeal and Error §§ 623, 891.
[6] 5 Am Jur 2d, Appeal and Error §§ 939-945.
    22 Am Jur 2d, Damages § 366.
[7] 7 Am Jur 2d, Automobile Insurance § 340.
    7A Am Jur 2d, Automobile Insurance § 461.
    51 Am Jur 2d, Limitation of Actions §§ 112, 430.
    Validity and construction of "no-fault" automobile insurance plans.
        42 ALR3d 229.
[8] 5 Am Jur 2d, Appeal and Error § 545 et seq.
[9] 7 Am Jur 2d, Automobile Insurance § 362.
    Validity and construction of "no-fault" automobile insurance plans.
        42 ALR3d 229.
[10] 7 Am Jur 2d, Attorneys at Law §§ 277-292.
    Amount of attorney's compensation in absence of contract or stat-
        ute fixing amount. 57 ALR3d 475.
[11] 4 Am Jur 2d, Appeal and Error § 18.
    47 Am Jur 2d, Jury §§ 200, 213 et seq.

a jury verdict for personal protection insurance benefits and damages for mental distress. The court also ordered that interest be granted on the award and that defendant pay attorney fees. The court denied the defendant's motion for a new trial and partial relief from judgment but ordered *remittitur* of the award for no-fault insurance benefits to an amount agreed to by the plaintiff. The defendant appeals alleging that: (1) the trial court erred in denying its motion to strike the plaintiff's claim for mental distress and allowing that claim to be submitted to the jury, (2) it is entitled to a new trial on the plaintiff's breach of contract claim, (3) the trial judge erred by giving instructions to the jury which omitted its central defense, (4) the trial judge erred in failing to grant it a new trial because the award for no-fault insurance benefits was excessive, (5) the trial court erred in refusing to limit the plaintiff's recovery of no-fault insurance benefits to a period of one year preceding commencement of the action, (6) the trial court erred by entering a judgment on plaintiff's claim for replacement services, (7) the trial judge erred in his award of attorney fees, (8) the trial judge erred in his award of interest, and (9) the trial court erred in excusing for cause three jurors who were members of DAIIE and in refusing to disqualify the entire jury panel after one prospective juror, who was excused, announced her dislike of the defendant during voir dire. *Held:*

1. The plaintiff failed to state a cause of action for intentional infliction of emotional distress. Plaintiff pled nothing more than breach of the insurance contract alone. The defendant's motion to strike the plaintiff's claim for intentional infliction of emotional distress was properly treated as a motion for summary judgment. The trial court erred in failing to grant the defendant's motion to strike that claim because the amended complaint did not state a claim for which relief could be granted. The jury's verdict on the plaintiff's claim for intentional infliction of emotional distress should be reversed and the judgment on that claim vacated.

2. Defendant's defense of the contract claim was not so tainted by plaintiff's arguments and the instruction to the jury on the claim for intentional infliction of emotional distress as to deny the defendant a fair trial on the contract claim. The defendant received a fair trial on the contract claim.

3. The defendant failed to object to the judge's instruction to the jury regarding its central defense at the time of the trial. Appellate review of that instruction is precluded absent manifest injustice. Manifest injustice would not result from failure to review the issue.

4. The trial judge did not err in refusing to grant the

defendant a new trial and in ordering *remittitur* of the verdict for no-fault insurance benefits. The amount for which *remittitur* was ordered did not exceed the highest amount which the evidence would support.

5. The defendant waived its alleged statute of limitations defense because it did not raise the defense in its answer or by a motion prior to filing its answer.

6. The defendant's claim that the trial court erred by entering a judgment for the plaintiff for the value of replacement services was not preserved for appellate review because the defendant failed to raise that issue at the trial and no special circumstances exist justifying relieving the defendant of the obligation to raise that claim in the trial court.

7. The trial judge's award of attorney fees was not an abuse of discretion. The amount awarded for attorney fees was not unreasonable.

8. The trial judge did not err in awarding interest on both the award of no-fault benefits and the entire judgment.

9. Any error that occurred as a result of the trial court's excusing three prospective jurors who were members of DAIIE was harmless. No prejudice resulted from the exclusion of those three persons. The trial judge's refusal to excuse the entire jury panel was not an abuse of discretion. The trial judge was satisfied as to the panel's ability to render a fair and impartial verdict. The defendant failed to show that the jurors had opinions or prejudices which would impair their capacity to render a fair and impartial verdict.

Affirmed in part and reversed in part.

1. DAMAGES — CONTRACTS.

Generally, the damages recoverable for breach of contract are those that arise naturally from the breach or those that were in the contemplation of the parties at the time that the contract was made, and damages for mental and emotional anguish are normally not recoverable; in actions for breach of contract which involve cherished rights, respected dignities and emotions universally recognized as both sacred and personal, damages for mental distress should be recoverable because they flow directly from the breach.

2. INSURANCE — CONTRACTS — DAMAGES.

Automobile no-fault insurance contracts are commercial in nature; they are agreements to pay a sum of money upon the occurrence of a specified event; a plaintiff's remedy for its

insurer's bad faith refusal to perform a no-fault insurance contract is limited to recovery of actual attorney fees and interest as provided by statute (MCL 500.3142, 500.3148; MSA 24.13142, 24.13148).

3. MOTIONS AND ORDERS — LEGAL SUFFICIENCY OF A PLEADING.

A challenge to the legal sufficiency of a pleading or a part thereof, if made under a motion to strike, should be treated as a motion for summary judgment, a motion to dismiss or a motion for accelerated judgment, whichever is appropriate.

4. APPEAL — SUPPORTING CITATIONS.

A statement of position without a supporting citation is insufficient to bring an issue before the Court of Appeals; a party should not leave it to the Court of Appeals to search for authority to sustain or reject his position.

5. APPEAL — JURY INSTRUCTIONS.

Failure to raise an objection to a jury instruction in the trial court precludes appellate review absent manifest injustice (GCR 1963, 516.2).

6. JUDGMENTS — *REMITTITUR*.

*Remittitur* is the procedural process by which a jury verdict is diminished by subtraction; in a typical case, a plaintiff is given an election to remit a portion of the jury verdict or submit to a new trial, after the defendant has moved for a new trial because of an excessive verdict; a trial court's order of *remittitur* where the prevailing party has agreed to the *remittitur* should not be reversed on appeal unless the trial court abused its discretion.

7. INSURANCE — NO-FAULT BENEFITS — PERSONAL PROTECTION BENEFITS — LIMITATIONS PERIOD.

A portion of the no-fault automobile insurance act which provides that certain actions for recovery of personal protection benefits for accidental bodily injury may not be commenced later than one year after the date of the accident causing the injury unless written notice of the injury has been given to the insurer within one year after the accident, or unless the insurer has previously made a payment of personal protection insurance benefits for the injury, is a one-year statute of limitations with a provision enabling claimants to extend the period for up to one additional year by giving notice; where a defendant fails to raise the statute of limitations defense in its

answer or by a motion filed not later than its answer, it waives the defense (MCL 500.3145; MSA 24.13145; GCR 1963, 111.3).

8. APPEAL — PRESERVING QUESTION.

An issue is not preserved for appeal where it was not raised at the trial unless resolution of the issue is necessary for a proper determination of the case, the claim presents a question of law for which all facts have been presented, or manifest injustice would result.

9. INSURANCE — NO-FAULT INSURANCE — REPLACEMENT SERVICES.

A person injured in an automobile accident may properly recover from his no-fault insurer for care provided to him by members of the injured person's family as benefits for replacement services (MCL 500.3107[1]; MSA 24.13107[1]).

10. ATTORNEY AND CLIENT — ATTORNEY FEES — REASONABLE FEES.

Factors to be taken into consideration in determining the reasonableness of an attorney's fee include: (1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client; a contingent fee agreement may also be considered as a factor, but is not by itself determinative.

11. JURY — CHALLENGE FOR CAUSE.

A juror should be presumed to be competent, and a party challenging a juror for cause must show that the challenged juror has preconceived opinions or prejudices or other such interests or limitations as would impair his capacity to render a fair and impartial verdict; a trial judge should be given broad discretion in his examination of a prospective juror during voir dire and his decision regarding a juror's impartiality should be reversed on appeal only where it represents a clear abuse of discretion (GCR 1963, 511.4[3]).

*Carole L. Chiamp, P.C.* (by *Carole L. Chiamp*), *Schaden & Heldman* (by *Victoria C. Heldman*), of counsel, for plaintiff.

*Dickinson, Mourad, Brandt, Hanlon & Becker* (by *Burton G. McGarry*), *Gromek, Bendure & Thomas* (by *Nancy L. Bosh*), of counsel, for defendant.

Before: J. H. GILLIS, P.J., and WAHLS and R. H. BELL,* JJ.

R. H. BELL, J. Plaintiff was injured on August 10, 1974, when she fell out of a moving automobile. In June, 1975, plaintiff filed a claim with defendant for benefits allegedly due under plaintiff's no-fault automobile insurance contract with defendant. After defendant failed either to admit or deny coverage on plaintiff's claim, plaintiff filed a complaint in circuit court seeking the withheld benefits, damages for breach of the insurance contract, attorney fees and interest. Thereafter, plaintiff amended the complaint to add a claim for mental distress.

Prior to the jury trial in the matter, defendant moved to strike the count in plaintiff's complaint relating to plaintiff's claim for mental distress. The motion was denied.

The jury awarded to plaintiff $69,620 in compensation for the withheld personal protection insurance benefits and $100,000 in damages for mental distress. The trial judge entered judgment in the amount of the jury verdict, together with 12% interest on the award of no-fault benefits as provided by MCL 500.3142(3); MSA 24.13142(3). The trial judge also ordered payment of $39,281.90 in attorney fees pursuant to MCL 500.3148(1); MSA 24.13148(1), costs of $875.05 and interest on the entire award pursuant to MCL 600.6013; MSA 27A.6013.

Defendant moved for a new trial and for partial relief from the judgment arguing, in part, that the award of no-fault benefits was excessive. In the answer to defendant's motion, plaintiff prayed that the trial court order *remittitur* of the verdict for

---

* Circuit judge, sitting on the Court of Appeals by assignment.

no-fault benefits to $67,000. The judge denied defendant's motions but ordered *remittitur* of the award of no-fault benefits to the amount requested by plaintiff.

## I

Defendant first contends that the trial court erred in denying the motion to strike and in allowing the mental distress claim to go to the jury, arguing that damages for mental distress are not recoverable in an action for no-fault insurance benefits. Defendant also argues that plaintiff failed to plead and prove a separate cause of action for intentional infliction of emotional distress.

Generally, the damages recoverable for breach of contract are those arising naturally from the breach or those in contemplation of the parties at the time the contract was made. *Kewin v Massachusetts Mutual Life Ins Co,* 409 Mich 401, 414; 295 NW2d 50 (1980), *reh den* 409 Mich 1116 (1980); *Van Marter v American Fidelity Fire Ins Co,* 114 Mich App 171; 318 NW2d 679 (1982); *Hadley v Baxendale,* 9 Exch 341; 156 Eng Rep 145 (1854). Under that rule, damages for mental and emotional anguish are normally not recoverable in an action for breach of contract. *Kewin, supra,* pp 414-415; *Van Marter, supra.*

An exception to that rule was set forth in *Stewart v Rudner,* 349 Mich 459; 84 NW2d 816 (1957). In *Stewart,* the Court distinguished between contracts which are purely commercial or pecuniary in nature and contracts which involve "rights we cherish, dignities we respect, emotions recognized by all as both sacred and personal". *Stewart, supra,* p 469. *Kewin, supra,* p 416. In actions for

breach of the latter type of contract, mental distress damages are recoverable because they flow directly from the breach. *Kewin, supra,* p 416; *Stewart, supra,* p 471.

The holding in *Stewart* has been expanded by this Court to allow damages for mental distress in actions for breach of insurance contracts. *Seaton v State Farm Life Ins Co,* 75 Mich App 252; 254 NW2d 858 (1977); *Palmer v Pacific Indemnity Co,* 74 Mich App 259; 254 NW2d 52 (1977); *McCune v Grimaldi Buick-Opel, Inc,* 45 Mich App 472; 206 NW2d 742 (1973), *lv den* 401 Mich 808 (1977). However, the holdings in those cases are in question after the Supreme Court's decision in *Kewin. Van Marter, supra.* In *Kewin,* the plaintiff brought suit for breach of a disability insurance contract and was awarded damages for emotional distress. The Supreme Court stated:

"Insurance contracts for disability income protection do not come within the reach of *Stewart.* Such contracts are commercial in nature; they are agreements to pay a sum of money upon the occurrence of a specified event, *Secor v Pioneer Foundry Co,* 20 Mich App 30, 35; 173 NW2d 780 (1969); 14 Michigan Law & Practice, Insurance, § 71, p 50. The damage suffered upon the breach of the agreement is capable of adequate compensation by reference to the terms of the contract. We recognize that breach of the insurance contract, as with almost any agreement, results in some annoyance and vexation. But recovery for those consequences is generally not allowed, absent evidence that they were within the contemplation of the parties at the time the contract was made. 22 Am Jur 2d, Damages, § 64, p 97. See, also, *Scottish Union & National Ins Co v Bejcy,* 201 F2d 163, 166 (CA 6, 1953).

\* \* \*

"For the above reasons, we hold that a disability income protection insurance policy contract is a com-

mercial contract, the mere breach of which does not give rise to a right to recover damages for mental distress. The damages recoverable are those damages that arise naturally from the breach, or which can reasonably be said to have been in contemplation of the parties at the time the contract was made. Absent proof of such contemplation, the damages recoverable do not include compensation for mental anguish." *Kewin, supra,* pp 416, 419.

Following *Kewin,* this Court has held in several cases that automobile no-fault insurance contracts are pecuniary or commercial contracts, calling for the payment of money upon a specific event. *Van Marter; Liddell v DAIIE,* 102 Mich App 636, 649; 302 NW2d 260 (1981), *lv den* 411 Mich 1079 (1981); *Jerome v Michigan Mutual Auto Ins Co,* 100 Mich App 685; 300 NW2d 371 (1980). Thus, a plaintiff's remedy for a bad-faith refusal to perform the no-fault insurance contract is limited to recovery of actual attorney fees and the 12% interest provided for in MCL 500.3148, 500.3142; MSA 24.13148, 24.13142. *Van Marter.*

It is therefore clear that the plaintiff in the present case could not recover damages for mental distress based solely on defendant's breach of the no-fault insurance contract. Plaintiff contends that recovery of mental distress damages was proper because she pled and proved the tort of intentional infliction of emotional distress, along with her breach of contract claim. According to plaintiff, case law recognizes an action for intentional infliction of emotional distress arising out of the actions of an insurance company in failing to investigate and in denying a claim. *Kewin v Massachusetts Mutual Life Ins Co,* 79 Mich App 639, 644-657; 263 NW2d 258 (1977); *Frishett v State Farm Mutual Automobile Ins Co,* 3 Mich App 688; 143 NW2d 612 (1966), *lv den* 378 Mich 733 (1966).

However, we have carefully reviewed plaintiff's amended complaint and find that plaintiff has failed to state a cause of action for intentional infliction of emotional distress. Plaintiff's complaint alleges only that defendant's failure to pay no-fault benefits caused plaintiff mental distress. Accordingly, plaintiff has pled nothing more than breach of the insurance contract alone and, therefore, plaintiff has failed to state a claim for mental distress upon which relief can be granted. *Kewin, supra,* p 421.

Although defendant did not move for partial summary judgment on that basis, defendant did move to strike the counts of plaintiff's complaint which sought damages for mental distress. While the legal sufficiency of a claim should be attacked in a motion for summary judgment based on GCR 1963, 117, a mistake in labels is not fatal. A challenge to the legal sufficiency of a pleading or a part thereof, if made under a motion to strike, should be treated as a motion for summary judgment, under GCR 1963, 117.2(1), a motion to dismiss or a motion for accelerated judgment, whichever is appropriate. 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 287. See *Shaw v McComb Community College,* 37 Mich App 96, 97-98; 194 NW2d 558 (1971), *aff'd* 389 Mich 69; 204 NW2d 129 (1973). The arguments of the parties and the trial court's discussion of the motion to strike reveal that the motion was treated as one for summary judgment based on GCR 1963, 117.2(1). Accordingly, we will treat the defendant's motion to strike as a motion for summary judgment. Defendant's argument that defendant failed to state a claim upon which relief may be granted is therefore properly preserved for review.

Because the amended complaint did not state a

claim for which relief could be granted, the trial court erred in failing to grant defendant's motion to strike. Therefore, we reverse the jury's verdict finding defendant liable to plaintiff for the tort of intentional infliction of emotional distress and we vacate the jury's award of $100,000 in damages for mental distress and that portion of the entire judgment attributable to the interest due on the award for the mental distress damages.

Our disposition of this issue makes it unnecessary to consider defendant's argument that the trial court's instructions on plaintiff's claim for intentional infliction of emotional distress were erroneous.

## II

Defendant next contends that it is entitled to a new trial on plaintiff's breach of contract claim because the net effect of the trial court's errors in allowing the mental distress claim to be argued to the jury along with the contract claim and in giving improper instructions on the elements of intentional infliction of emotional distress so tainted the defense of the contract action as to have denied defendant a fair trial. Defendant has cited no authority, however, in support of that argument. A party may not leave it to this Court to search for authority to sustain or reject its position. A statement of position without supporting citation is insufficient to bring an issue before this Court. *Fuhrmann v Hattaway,* 109 Mich App 429, 434; 311 NW2d 379 (1981); *Froling v Bischoff,* 73 Mich App 496, 500; 252 NW2d 832 (1977). In any event, our review of the record convinces us that defendant received a fair trial on the contract claim. Defendant fails to show us, and we have

been unable to find, testimony concerning the mental distress claim which was so inflammatory as to have prejudiced the defense of the contract claim. Indeed, much of the testimony regarding the defendant's allegedly tortious conduct would have been admissible on plaintiff's claims for attorney fees under MCL 500.3148(1); MSA 24.13148(1), which requires proof of an unreasonable refusal or delay in paying no-fault benefits. The jury received separate instructions on the contract and mental distress claims and was directed to arrive at separate verdicts, which they did. We do not believe that the defense of the contract claim was so tainted by plaintiff's arguments and the instruction on the claim for intentional infliction of emotional distress as to deny defendant a fair trial on plaintiff's contract claim.

## III

Defendant argues that the trial judge erred by giving instructions to the jury which omitted the defendant's central defense, *i.e.,* that plaintiff intentionally jumped out of the automobile, which confused the burden of proof on plaintiff's claim for no-fault insurance benefits. However, while defendant objected to the giving of any instruction on the mental distress claim, defendant raised no objection to the content of the instruction as given. In fact, after the jury was instructed, the trial judge asked if he had omitted any instructions. Defense counsel replied that he was satisfied with the instructions.

A party may not claim error in the giving of instructions to the jury unless the party makes a timely and specific objection. GCR 1963, 516.2. Appellate review is precluded absent manifest in-

justice. *Drouillard v Metropolitan Life Ins Co,* 107 Mich App 608, 621-622; 310 NW2d 15 (1981); *Howell v Outer Drive Hospital,* 66 Mich App 142; 238 NW2d 553 (1975), *lv den* 397 Mich 871 (1976). Here, the trial judge informed the jury that plaintiff was not entitled to recover no-fault benefits if her injury was the result of her own intentional act. He also instructed the jury on defendant's theory that plaintiff jumped from the automobile intentionally. We find that no manifest injustice would result from our failure to review this issue.

IV

Defendant also assigns as error the trial judge's failure to grant a new trial on the grounds that the award of $69,610 for no-fault insurance benefits was excessive. Defendant maintains that, even calculating defendant's damages according to the maximum amount allowable, the total amount of benefits claimed amounted to only $65,879.70. Defendant contends that a new trial should have been granted rather than *remittitur,* because the amount for which *remittitur* was ordered rests solely on conjecture.

The use of *remittitur* by the trial judge is well-established under Michigan law. Broadly defined, *remittitur* is the procedural process by which a verdict of the jury is diminished by subtraction. In a typical case, the plaintiff, on a motion by the defendant for a new trial because of an excessive verdict, is given an election to remit a portion of the amount or to submit to a new trial. *Pippen v Denison Div of Abex Corp,* 66 Mich App 664, 674; 239 NW2d 704 (1976), *lv den* 399 Mich 823 (1977). GCR 1963, 527.1, subds (3), (7). When reviewing a decision in which the prevailing party has agreed

to *remittitur*, the standard on appeal is whether the trial court abused its discretion. *Burnett v Mackworth G Rees, Inc*, 109 Mich App 547, 552; 311 NW2d 417 (1981); *Dougherty v Rezolin, Inc*, 48 Mich App 636, 637; 210 NW2d 899 (1973).

We conclude that the trial judge did not abuse his discretion in refusing to grant the new trial and in ordering *remittitur* of the verdict to $67,-000. The amount for which *remittitur* was ordered does not exceed the highest amount which the evidence will support. GCR 1963, 527.6. Nor is the verdict illogical. Thus, the trial court did not err in denying the motion for new trial or in ordering *remittitur* of the verdict to $67,000. GCR 1963, 527.6. *Dougherty v Rezolin, Inc, supra*, pp 637-638.

V

Defendant asserts that the trial court erred by refusing to limit plaintiff's recovery of no-fault insurance benefits to a period of one year preceding commencement of the lawsuit, pursuant to MCL 500.3145(1); MSA 24.13145(1).

Section 3145(1) of the no-fault act, MCL 500.3145; MSA 24.13145 provides as follows:

"An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss

or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced. The notice of injury required by this subsection may be given to the insurer or any of its authorized agents by a person claiming to be entitled to benefits therefor, or by someone in his behalf. The notice shall give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his injury."

It is beyond peradventure that the section is a one-year statute of limitations with a provision allowing the limitation period to be extended upon proper notice to the insurer. *Allstate Ins Co v Frankenmuth Mutual Ins Co,* 111 Mich App 617, 620-621; 314 NW2d 711 (1981); *Davis v Farmers Ins Group,* 86 Mich App 45; 272 NW2d 334 (1978), *lv den* 406 Mich 868 (1979). GCR 1963, 116.1(5) allows a party to move for accelerated judgment by raising a statute of limitation defense in his first responsive pleading or by motion filed not later than his responsive pleading. GCR 1963, 111.3 states that all defenses not asserted in a responsive pleading are waived except for lack of subject matter jurisdiction, failure to state a claim upon which relief may be granted or failure to state a valid defense to a claim. Defendant did not raise the statute of limitations defense in its answer or by motion. Accordingly, defendant has waived the defense. *Liddell v DAIIE,* 102 Mich App 636, 653-654; 302 NW2d 260 (1981), *lv den* 411 Mich 1079 (1981).

## VI

Defendant also contends that the trial court erred by entering judgment on plaintiff's claim for

replacement services pursuant to MCL 500.3107(1); MSA 24.13107(1). However, defendant failed to raise that issue below. It is well established that an issue is not preserved for appeal if it is not raised at trial, unless resolution of the issue is necessary for a proper determination of the case, the claim presents a question of law for which all facts have been presented, or manifest injustice would result. *E.g., Szidik v Podsiadlo,* 109 Mich App 446, 451; 311 NW2d 386 (1981). *Brown v Considine,* 108 Mich App 504, 507; 310 NW2d 441 (1981). We find no special circumstances justifying relieving defendant of its obligations to raise the issue below. Thus, the issue is not preserved for review. We do note, however, that replacement services benefits are properly recoverable, even if performed by members of plaintiff's family. See *Van Marter; Visconti v DAIIE,* 90 Mich App 477; 282 NW2d 360 (1979).

## VII

Defendant asserts that the trial judge erred in its award of attorney fees pursuant to § 3148(1) of the no-fault act, which allows recovery of reasonable attorney fees if the trial judge finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making payment. Defendant contends that it did not unreasonably refuse or delay payment of no-fault benefits and that the amount awarded was unreasonable.

A trial court's finding of unreasonableness on the part of the insurance company will be disturbed on appeal only if that finding is clearly erroneous. GCR 1963, 517.1; *Liddell,* 636. The testimony in the present case indicated that, after

receiving verbal notice of plaintiff's claim in June, 1975, and formal notice of the claim in July, 1975, little was done by the insurer to verify the claim. Several letters from plaintiff's attorney to defendant's agents went unanswered. The testimony also showed that defendant's regional claims manager believed that even if plaintiff had jumped intentionally from the automobile, no-fault benefits could still be payable to plaintiff because she may have been acting to protect herself from the driver of the vehicle. The claims manager stated in a memo received into evidence that "the fact remains that she was injured from a fall from an automobile which leads me to believe that we are going to probably ultimately have to pay something on this file".

The record does not support defendant's claim that it reasonably refused payment of benefits. The trial court's rulings that defendant unreasonably refused to pay no-fault benefits and that therefore plaintiff was entitled to reasonable attorney fees was not clearly erroneous.

The trial judge concluded that an award of attorney fees in the amount $39,281.90, which represented 1/3 of the original award of no-fault benefits, plus interest and costs was reasonable. A review of the record discloses that the trial judge originally based the award of the attorney fees on the 1/3 contingent fee arrangement between plaintiff and her attorneys. In *Liddell,* this Court vacated an award of attorney fees based entirely on the plaintiff's contingent fee agreement. The Court in *Liddell* set forth six factors, originally listed in *Crawley v Schick,* 48 Mich App 728, 737; 211 NW2d 217 (1973), to be considered in determining

a reasonable award of attorney fees.[1] Following the release of the *Liddell* decision, the defendant in the case at bar moved to set aside the award of attorney fees, arguing that the trial court's award based on the 1/3 contingent fee arrangement was improper. In response, plaintiff submitted an affidavit from her trial attorney in which the trial attorney averred that she and her office personnel expended more than 1000 hours of work on the case and incurred expenses of $870. At the hearing on defendant's motion, plaintiff's attorney argued that the trial court had observed the trial and witnessed the amount of work involved in preparing and litigating the case and that based on those factual considerations, it could award the amount prayed for. Plaintiff also contended that since the interest running on the original judgment had increased the total award for the withheld benefits, plaintiff's attorney fees should also be increased to $44,055.05, which represented 1/3 of the amended judgment relating to no-fault benefits. The trial judge, however, refused to increase the award.

We find that the amount awarded as attorney fees was not unreasonable. The trial judge heard the evidence submitted concerning the amount of time spent in preparing and litigating the case and the expenses incurred. He was certainly aware of the amount of money in question and the results achieved by plaintiff's trial attorney. He was also cognizant of the difficulty of the case. At the

---

[1] "These factors are: (1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client. See, generally, 3 Michigan Law & Practice, Attorneys and Counselors, § 44, p 275, and Disciplinary Rule 2-106(B) of the Code of Professional Responsibility and Ethics."

hearing on defendant's motion, he refused to increase the award of attorney fees based on the 1/3 contingent fee arrangement. Based on this record, we cannot find that the trial court's decision as to the amount of attorney fees awarded was an abuse of discretion. *Wood v DAIIE,* 413 Mich 573; 321 NW2d 653 (1982).

## VIII

Defendant argues that the trial judge erred in awarding both judgment interest pursuant to MCL 600.6013; MSA 27A.6013 and interest on the award of no-fault benefits pursuant to MCL 500.3142; MSA 24.13142. This argument is without merit. The statute on judgment interest and the interest provision in the no-fault act are not mutually exclusive. Therefore the interest awards were proper. *Wood v DAIIE, supra.*

## IX

Finally, defendant asserts that the trial court erred in excusing for cause three jurors who were members of DAIIE and in refusing to disqualify the entire jury panel after one prospective juror, who was excused, announced her dislike of defendant during voir dire. We can conceive of no prejudice which resulted from the exclusion of the three prospective jurors who were members of DAIIE. Therefore, any error occurring as a result of their being excused was harmless. GCR 1963, 529.1.

Following the prospective juror's remark that she "can't stand" the defendant, the trial judge asked the jurors if they had been influenced by the remark. The jurors responded that they had not.

After a discussion in chambers with trial counsel, the trial judge instructed the jury to disregard the remark. He told the jury that if any of them believed that he or she might be biased or prejudiced against either party, they could leave with no questions asked. The judge stressed that the case should be decided on the facts and the law. No member of the jury chose to leave. However, the defendant asked that the entire panel be excused. The trial judge took the request under advisement, desiring to question each juror individually on the matter. Each juror denied having been influenced by the remark, and the trial judge denied defendant's request.

A juror is presumed competent. *McNabb v Green Real Estate Co,* 62 Mich App 500, 505; 233 NW2d 811 (1975), *lv den* 395 Mich 774 (1975). *People v Collins,* 166 Mich 4; 131 NW 78 (1911); *Lee v Misfeldt,* 1 Mich App 675; 137 NW2d 753 (1965), *lv den* 377 Mich 702 (1966). The challenging party must show that the challenged juror "has preconceived opinions or prejudices, or such other interest or limitations as would impair his capacity to render a fair and impartial verdict". *Mc-Nabb, supra;* 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 466. A trial judge is given broad discretion in his examination of a juror on voir dire and his decision as to juror impartiality may be reversed only if it represents a clear abuse of discretion. *McNabb, supra; Rice v Winkelman Brothers Apparel, Inc,* 13 Mich App 281, 287; 164 NW2d 417 (1968), *lv den* 381 Mich 798 (1969). Appellate courts will generally defer to the trial court's ability to better assess whether from a juror's demeanor, he or she would be impartial. This deference is especially required in

challenges made under the broad grounds of GCR 1963, 511.4(3), "that the person is biased for or against a party or attorney". *McNabb, supra,* p 506.

In the present case, the trial judge was satisfied as to the jury's ability to render a fair and impartial verdict. The defendant failed to show that the jurors had opinions or prejudices which would impair their capacity to render a fair and impartial verdict. Accordingly, the trial judge's refusal to excuse the entire panel was not an abuse of discretion.

Affirmed in part and reversed in part.