INDEPENDENCE TOWNSHIP v MURDOCH

Docket No. 87159. Submitted June 5, 1986, at Lansing. Decided
November 3, 1986. Leave to appeal denied, 428 Mich —.

Plaintiff, Township of Independence, filed a complaint in the
Oakland Circuit Court seeking an injunction to prevent defen-
dants, Douglas S. Murdoch, William J. Murdoch and Wanda F.
Murdoch, from keeping a Siberian tiger and a bobcat on their
property located in the township. The circuit court ordered the
township Zoning Board of Appeals to conduct an evidentiary
hearing to determine whether certain sections of the township's
zoning ordinance applied to the defendants and whether defen-
dants were entitled to a variance from the ordinance. The
board interpreted the zoning ordinance as excluding defen-
dants' tiger and bobcat from those classifications of animals
allowed to be maintained on their premises and denied defen-
dants' request for a variance. The circuit court, Fred M. Mes-
ter, J., thereafter entered an opinion and order affirming the
decision of the Zoning Board of Appeals. Defendants appeal.

The Court of Appeals *held:*

1. The section of the zoning ordinance which lists the classes
of animals which are allowed to be maintained on defendants'
premises is not so vague and uncertain as to render the
ordinance unconstitutional under the due process clause of the
United States and Michigan Constitutions.

2. Competent, material and substantial evidence on the whole
record supports the board's denial of defendants' request for a
zoning variance. The denial did not constitute an abuse of
discretion.

Affirmed.

REFERENCES

Am Jur 2d, Appeal and Error § 700.

Am Jur 2d, Statutes § 346.

Am Jur 2d, Zoning and Planning §§ 66-68, 337-338.

Supreme Court's application of vagueness doctrine to noncriminal
statutes or ordinances. 40 L Ed 2d 823.

Zoning: who may apply for variance, special exception, or use
permit, or appeal from denial thereof. 89 ALR2d 663.

1. APPEAL — ZONING — ZONING BOARD OF APPEAL.

The standard of review for appeals from decisions of a Zoning Board of Appeals requires the circuit court to review the record and decision of the board to insure that the decision: (1) complies with the constitution and laws of the state; (2) is based upon proper procedure; (3) is supported by competent, material, and substantial evidence on the record; and (4) represents the reasonable exercise of discretion granted by law to the board (MCL 125.293a[1]; MSA 5.2963[23a][1]).

2. STATUTES — CONSTITUTIONAL LAW — VAGUENESS.

A statute may be challenged for vagueness on the ground that it: (1) is overbroad, impinging on First Amendment freedoms; (2) does not provide fair notice of the conduct proscribed; or (3) is so indefinite that it confers unstructured and unlimited discretion on a trier of fact to determine whether an offense has been committed.

3. ZONING — PERMISSIVE ZONING ORDINANCES.

A "permissive" zoning ordinance states the permissive uses under the zoning classification and necessarily implies the exclusion of any other nonlisted use.

4. APPEAL — SUPPORTING CITATIONS.

A party may not leave it to the Court of Appeals to search for authority to sustain or reject its position; a statement of position without supporting citation is insufficient to bring an issue before the Court of Appeals.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Gerald A. Fisher*), for plaintiff.

*Keller & Avadenka, P.C.* (by *Frances R. Avadenka*), for defendants.

Before: M. J. KELLY, P.J., and D. E. HOLBROOK, JR., and T. M. GREEN,* JJ.

PER CURIAM. Defendants, William and Wanda Murdoch and their son, Douglas Murdoch, appeal as of right from an opinion and order entered in the Oakland Circuit Court affirming the decision of the Zoning Board of Appeals of plaintiff Township

* Circuit judge, sitting on the Court of Appeals by assignment.

of Independence (hereinafter board). The board's decision interpreted the township's zoning ordinance as excluding defendants' Siberian tiger and bobcat from those classifications of animals allowed to be maintained on their premises and denied defendants' request for a variance from the ordinance. We affirm.

This action was commenced on November 14, 1984, when the township filed a complaint seeking an injunction to prevent defendants from keeping the animals on their premises. Defendants reside in a district zoned R-1R, rural residential. Section 5.19 of the township's zoning ordinance authorizes all classes of animals, as defined in § 3.01 of the ordinance, to be maintained in that district. The classes of animals, as specified in § 3.01, are:

1. Class I Animal: Domesticated household pets weighing less than 150 pounds.

2. Class II Animal: An animal which is normally part of the livestock maintained on a farm, including:

a) Bovine and like animals, such as the cow.

b) Equine and like animals, such as the horse.

c) Swine and like animals, such as the pig and hog.

d) Ovis (ovine) and like animals, such as the sheep and goat.

Other animals weighing in excess of 75 pounds, and not otherwise specifically classified herein.

3. Class III Animal: Rabbits (which are not maintained or kept as domesticated household pets); animals considered as poultry, and other animals weighing less than 75 pounds not specifically classified herein.

An open hearing was held before the board on January 16, 1985, after which it was to decide whether defendants were allowed to keep the ani-

mals on their premises and, if not, whether defendants were entitled to a variance from the ordinance. Defendants stipulated at the hearing that their animals did not fall within the Class III animal. Further testimony was taken that neither the tiger nor the bobcat could be included in Class I because neither animal would typically be considered a domesticated household pet and that neither animal should be allowed to be kept in a residential zoned district because of the inherent danger involved. Further, neither animal could be included within the Class II definition because that classification included only those animals which are "normally part of livestock maintained on a farm."

Following the public hearing, the board unanimously voted that the tiger and bobcat were excluded under § 3.01 and therefore were not to be kept on the premises. The board reconvened a week later and denied the variance request on the basis that a variance could be granted only upon a showing of undue hardship or difficulty pertaining to the land. The only undue hardship presented was self-induced which had no effect upon the use of the land. Further, the board concluded that the variance sought was a use variance which was not within the board's power to grant. The board's decision was affirmed on appeal to the circuit court.

On appeal to this Court, defendants raise several issues, not all of which merit discussion. First, defendants contend that § 3.01 of the Independence Township zoning ordinance violates state and federal constitutional guarantees of due process because it is impermissibly vague. Defendants argue that Class I of § 3.01 allowing domesticated household pets weighing less than 150 pounds is unclear because the bobcat at issue would fall

under the definition of "domesticated." Further, defendants argue that the provision under Class II allowing "other animals weighing in excess of 75 pounds not otherwise specifically classified herein" is a catch-all provision lacking sufficient definition to allow residents to determine what types of animals are allowed. The circuit court found the ordinance clear enough to give the township residents notice of which animals are allowed.

Before embarking on this review we note that decisions of a zoning board of appeals are largely discretionary. *Szluha v Avon Charter Twp,* 128 Mich App 402, 410; 340 NW2d 105 (1983). The Township Rural Zoning Act sets forth the standard of review for appeals from zoning board decisions:

> (1) The decision of the board of appeals rendered pursuant to section 23 shall be final. However, a person having an interest affected by the zoning ordinance may appeal to the circuit court. Upon appeal the circuit court shall review the record and decision of the board of appeals to insure that the decision:
>
> (a) Complies with the constitution and laws of the state.
>
> (b) Is based upon proper procedure.
>
> (c) Is supported by competent, material, and substantial evidence on the record.
>
> (d) Represents the reasonable exercise of discretion granted by law to the board of appeals. [MCL 125.293a(1); MSA 5.2963(23a)(1).]

The "void for vagueness" doctrine is derived from the constitutional guarantee that a state may not deprive a person of life, liberty or property without due process of law. US Const, Am XIV; Const 1963, art 1, § 17. A statute may be challenged for vagueness on the ground that it: (1) is

overbroad, impinging on First Amendment freedoms; (2) does not provide fair notice of the conduct proscribed; or (3) is so indefinite that it confers unstructured and unlimited discretion on a trier of fact to determine whether an offense has been committed. *Woll v Attorney General,* 409 Mich 500, 533; 297 NW2d 578 (1980); *Oakland Co Prosecutor v 46th Dist Judge,* 76 Mich App 318, 329; 256 NW2d 776 (1977). *State Treasurer v Wilson (On Remand),* 150 Mich App 78, 80-81; 388 NW2d 312 (1986). Plaintiff presumably challenges the instant ordinance on the second ground.

The ordinance at issue is a "permissive" ordinance which states the permissive uses under the classifications and necessarily implies the exclusion of any other nonlisted use. *Independence Twp v Skibowski,* 136 Mich App 178, 184; 355 NW2d 903 (1984), lv den 422 Mich 853 (1985). Class I clearly provides notice to township residents that only domesticated household pets under 150 pounds are allowed. This necessarily excludes animals under 150 pounds that are not domesticated and animals over 150 pounds whether domesticated or not. We do not find this language to be unconstitutionally vague and uncertain.

Similarly, the language describing the types of animals allowed under Class II is sufficient to give residents notice of the types of animals allowed thereunder. As noted by the circuit judge, the portion "Other animals . . . " could have been more artfully drawn. However, the beginning of the class description limits the whole class to include only those animals which are "normally part of the livestock maintained on a farm." We find this language to clearly indicate that the animals allowed under the catch-all provision of Class II are livestock farm animals weighing in excess of seventy-five pounds. This language is not

so vague and uncertain as to render the ordinance unconstitutional.

Defendants next contend that the lower court's interpretation of § 3.01, as it relates to the definition of animals, is not supported by competent, material and substantial evidence on the record. Defendants fail to support their argument with citation to any authority. A party may not leave it to this Court to search for authority to sustain or reject its position. A statement of position without supporting citation is insufficient to bring an issue before this Court. *Butler v DAIIE,* 121 Mich App 727, 737; 329 NW2d 781 (1982). Accordingly, we choose not to review this argument.

The same holds true for defendants' argument that the board's interpretation of § 3.01 constitutes an abuse of discretion. Although defendants have cited authority to define "abuse of discretion" they have failed to cite authority for the proposition that the board's interpretation of the ordinance is contrary to statutory and case law rules for construction of legislative enactments. Accordingly, we decline to review this issue. *Butler, supra.*

Similarly, defendants' argument that the board did not follow proper procedure in denying defendants' request for a variance from the zoning ordinance is unsupported by citation to authority. Accordingly, this Court declines to review this issue as well. *Butler, supra.*

Finally, defendants argue that the board's decision to deny the variance is not supported by competent, material and substantial evidence on the record and constituted an abuse of discretion. We disagree. Section 23 of the Township Rural Zoning Act, MCL 125.293; MSA 5.2963(23), allows a township board of appeals to modify a zoning ordinance where practical difficulties or unnecessary hardships are involved:

> Where there are practical difficulties or unneces-
> sary hardship in the way of carrying out the strict
> letter of the zoning ordinance, the board of appeals
> in passing upon appeals may vary or modify any of
> its rules or provisions so that the spirit of the
> ordinance is observed, public safety secured, and
> substantial justice done.

Although defendant Douglas Murdoch testified that he would suffer emotional and economic hardship if he were forced to give up the bobcat and tiger, we agree with the board and the circuit court that these hardships were self-induced. This Court further agrees with both the board and the circuit court that defendants were, in effect, seeking a special land use variance. The authority to grant a special land use variance is vested in the township's planning commission under § 5.15 of the zoning ordinance. Accordingly, the board had no power to grant such a request without it first being ruled upon by the planning commission. In any event, the hardships testified to by Murdoch were personal and did not relate to the land. Hence the request for a variance did not meet the statutory requirement. Accordingly, we find competent, material and substantial evidence on the whole record to support the board's denial of defendants' request for a zoning variance. We further find that the denial did not constitute an abuse of discretion.

Affirmed.